## GRAHAM v. CASTOR.

CONTRACT.—*Agreement to Maintain.—Conveyance.—Rescission.—Fraud.—Real Estate, Action to Recover.—Reformation of Instrument.—Judgment Notwithstanding Verdict.*—A complaint to recover a tract of land alleged that it had been conveyed by the plaintiff to the defendant, in consideration of a written agreement executed by the latter, binding him to comfortably maintain the former during life, in a home on such land; that the defendant, taking advantage of the old age and infirmities of the plaintiff, had defrauded him by causing a penalty, in an amount much less than the value of the land, to be inserted in such agreement, without the knowledge of the plaintiff, and by then failing and refusing to provide such maintenance, whereby the plaintiff was left without a home or means to subsist. Upon the trial, the jury found, generally, for the plaintiff, and, specially, that such contract had been honestly entered into, that the defendant had always been able and willing to maintain the plaintiff, and that he had furnished such maintenance until the plaintiff had voluntarily left and declined to return to the defendant's house.

*Held*, that the defendant was only bound to furnish such maintenance to the plaintiff at his home on such land;

*Held*, also, that, no demand having been made therefor in the complaint, the plaintiff is not entitled to have such contract reformed by increasing the penalty of such bond; and,

*Held*, that mental feebleness, not amounting to an absolute incapacity

to contract, is not sufficient to justify a rescission of a contract honestly entered into ; and, therefore,

*Held,* that the defendant is entitled to a judgment in his favor, upon the answers to interrogatories, notwithstanding the general verdict.

From the Hamilton Circuit Court.

*D. Moss* and *T. J. Kane,* for appellant.

*W. Garver, J. S. Losey* and *R. Graham,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellant.

The complaint was in two paragraphs.

The first alleged that on January 19th, 1870, the plaintiff, by deed duly executed, conveyed to the defendant, who was the plaintiff's grandson, certain real estate described; and that the defendant, at the same time, executed to the plaintiff the following bond, viz.:

" State of Indiana, Hamilton county : I, Alfred Graham, acknowledge myself bound to Sarah Castor in the sum of five hundred dollars.   The condition of the above is as follows, to wit:

" Whereas   Sarah   Castor   has   conveyed   to   the   said Alfred Graham the following real estate, to wit," (description) "the said Alfred Graham does agree to maintain the said Sarah Castor, her natural lifetime, in a manner suitable to her age and condition in life, and to be at all expense necessary for her comfort in life; also, for medical attendance and funeral expenses.   Now, if the said Alfred Graham shall maintain the said Sarah Castor on the aforesaid real estate, as he has agreed to, then this obligation shall be void, else in full force.   In witness whereof I have hereunto set my hand and seal, this 19th day of January, 1870.

[Signed]               .          "ALFRED GRAHAM."

The paragraph alleges, that, at the time of the execution of the papers, the plaintiff was more than ninety years old, and very feeble in body and mind, and that the defendant was a young man, in the vigor of manhood,

shrewd and avaricious; that she had unbounded confidence in his honesty and integrity, and paid little attention to the reading of the contents of the instrument, confidently believing that he would do nothing to circumvent or take advantage of her in any manner whatever, but, firmly relying on his agreement to provide for her, as specified in said bond, she executed the deed and accepted the bond. That the recital in the deed, stating that the consideration for the land was one thousand six hundred dollars, is untrue, and that there was, in fact, no consideration for the land, except the defendant's agreement; that, at the time of the execution of the instrument, the plaintiff did not know that the consideration was stated in the deed to be one thousand six hundred dollars, nor that the penalty in the bond was but five hundred dollars; that the defendant had promised her to make the penalty equal to the value of the land; that she was, and is now, entirely blind, and did not examine the contents of the bond, but believed, at the time the deed and bond were executed, that they were in accordance with the defendant's previous promises; that if the instruments were read to her, she had no distinct or clear idea of their contents; that she can not now remember whether they were read to her, or not, previous to her signing the deed. That, in pursuance of the contract, as the plaintiff understood it, she delivered the possession of the lands to the defendant, with whom she commenced to live, and resided with him until 1873, when the defendant voluntarily took her away from his residence and carried her to Noblesville, into the family of John W. Deeds, a distance of some miles, where she has ever since continued to reside, for two reasons: first, because she has been too weak and feeble in health to bear the fatigue of being again removed back to the defendant's residence; and, second, for the more urgent reason, that the defendant and his family are totally incompetent and unable to bestow that care and attention

upon her, which the necessities of her great age and debility require. That during the time of the plaintiff's residence with the defendant, he violated his agreement, in this: that she was totally neglected and uncared for in her most urgent and necessary wants; that she was not comfortably nor decently clad; that the room provided for her was uncomfortably cold during the winter; that her food was not at all suitable to her age and condition; that the family treated her roughly and unkindly. That not only her comfort and happiness, but her life, would be endangered, if she were compelled to again return and stay with the defendant. That the penalty of the bond is not adequate to the amount of damages she might sustain in consequence of the defendant's failure to perform the contract on his part, and not one-fourth of the real value of the land; that the plaintiff never knew the amount of the penalty of the bond, or the terms of the deed, until about a week before she employed an attorney to commence this action. That the defendant has had the use and rent of the land ever since the contract, which is worth more than the cost of boarding, lodging, clothing and care bestowed upon the plaintiff during that time. Wherefore, she prays that said contract, deed and bond be rescinded, set aside and held for naught, and for other relief.

The second paragraph alleged the making of the deed by the plaintiff, to the defendant, for the land, and the execution by the defendant of the bond, averring that the bond was the only consideration for the land, and that the defendant had failed to comply with the conditions of the bond, in this: that in June, 1873, he took the plaintiff to the house of John W. Deeds, and left her with the family of Deeds, where she has been ever since, and has been cared for by Deeds and his family. That soon after she went to the house of Deeds, she contracted and bargained with him that she would pay him whatever his services were worth in taking care of, boarding

and lodging her, and washing for her. That his services were worth nine hundred dollars, in thus providing for her, from the time she went there to the commencement of this suit. That since she went to the house of Deeds she has been very feeble and helpless, and has, during all that time, needed a great deal of care and attention; that the defendant, though well knowing her wants and necessities, has wholly failed to pay her any thing whatever, or defray any part of such expenses; that she has no means sufficient to pay for the services thus rendered her by Deeds, and that the defendant well knew her want of means or ability to pay Deeds for his services, which were worth forty dollars per month, amounting to nine hundred dollars, which sum is now due him from the plaintiff, and which she has no means to pay. Wherefore, she prays judgment for one thousand dollars, and that the contract be rescinded, and for other relief.

After demurrers to each paragraph of the complaint had been overruled, the defendant answered by general denial, and the cause was submitted to a jury for trial, which resulted in a general verdict for the plaintiff, as follows, viz. :

" We, the jury, find for the plaintiff, that she is entitled to the land in controversy, and that the defendant is equitably entitled to the sum of five hundred dollars."

The jury also returned the following answers to interrogatories propounded to them at the instance of the plaintiff, viz. :

"1st. What was the value of the services rendered by the defendant to the plaintiff, in caring for and maintaining her during the time she was in his family, from the execution of the contract, until she left, in June, 1873?

"Answer. Seven hundred and fifty dollars.

"2d. What is the value of improvements made on the lands in controversy, since the execution of the contract?

" Answer. Two hundred dollars.

" 3d.   What is the value of the rent of the lands, since the defendant has had possession under the contract?

"Answer.   Four hundred and fifty dollars.

" 4th.   What was the consideration paid by the defendant for the lands?

"Answer.   The contract.

" 5th.   What maintenance has the defendant furnished the plaintiff since June, 1873?

"Answer.   None.

" 6th.   Was not the only consideration for the land the bond or agreement mentioned in the complaint?

"Answer.   Yes.

" 7th.   What was the value of the services in maintaining the plaintiff from June, 1873, to the present time?

"Answer.   Four hundred dollars.

" 8th.   Was not the plaintiff, at the time of the execution of the contract, in a very feeble state of mind and body?

"Answer.   Yes.

" 9th.   Was not the defendant in good health, mentally and physically, and was he not a man of ordinary shrewdness, at the time of the execution of the contract?

"Answer.   Yes.

" 10th.   What was the value of the land at the time of the contract?

"Answer.   Fourteen hundred dollars.

" 11th.   What is the amount of the penalty of the bond?

"Answer.   Five hundred dollars."

At the instance of the defendant the jury returned the following answers to interrogatories propounded by him:

" 1st.   Was not the contract, embracing the deed and bond mentioned in the complaint, honestly entered into by the parties thereto?

"Answer.   Yes.

" 2d.   Did not the defendant perform the contract on his part, from the 19th day of January, 1870, to some time in June, 1873?

Graham *v.* Castor.

"Answer. Yes.

" 3d.   Did not the defendant then take the plaintiff to the residence of John W. Deeds, mentioned in the complaint, for the purpose of making a visit, at her own request, as well as at the request of said Deeds?

"Answer. Yes.

" 4th.   And did not the defendant, shortly after the plaintiff was so taken to the residence of said Deeds, offer to take her back to his residence, for the purpose of maintaining her according to the terms of his contract?

"Answer. Yes.

" 5th.   Has not the defendant always been ready, willing and able to maintain the plaintiff on the premises she conveyed to him, in pursuance of the terms of his contract?

"Answer. Yes."

The defendant moved for judgment in his favor on the answers to interrogatories, notwithstanding the general verdict, but the motion was overruled, and he excepted.

Final judgment was rendered in favor of the plaintiff, against the defendant, setting aside the conveyance of the land made by the plaintiff to the defendant, and that the defendant recover of the plaintiff one hundred dollars.

We see no ground on which this judgment can be maintained, or, indeed, any other judgment in favor of the plaintiff, against the defendant. And we are of the opinion that the defendant was entitled to a general judgment in his favor, on the answers of the jury to interrogatories, notwithstanding the general verdict.

The case may be viewed in two aspects; as seeking, first, to set aside the conveyance made by the plaintiff to the defendant; and second, the recovery of damages for the alleged breach by the defendant of his contract.

There was no ground for a rescission of the contract. The jury found that it was honestly entered into by the parties, and this excludes the idea that any fraud what-

ever was practised by the defendant. We take it that fraud of any kind is entirely incompatible with honesty. The plaintiff was old and feeble, bodily and mentally; but feebleness of mind, unless it is so great as to take away the capacity to contract at all, which is not alleged or claimed in this case, is not, of itself, sufficient ground on which to set aside a contract.

If the penalty of the bond was not as large as the parties had agreed upon, it might have been reformed, upon a proper case made for that purpose; but no case was made here for a reformation.

The answers of the jury show, also, that the defendant had not broken the contract on his part, and, therefore, he was not liable for damages. By the terms of the contract the defendant was bound to provide the plaintiff her maintenance, on the land conveyed by her to him. He was not bound to furnish such maintenance elsewhere, wherever she might choose to go and take up her abode. Now, the answers of the jury show that the defendant performed his contract, up to the time when the plaintiff went to the house of Deeds on a visit, and that he shortly afterwards offered to take her home, for the purpose of maintaining her according to his contract, and that he has always been able, ready and willing to maintain the plaintiff on the land mentioned, in accordance with the terms of his contract.

The answers of the jury to the interrogatories show that the defendant has not, in any manner, violated or broken his contract.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to render judgment for the defendant.