## CAMPBELL ET AL. V. CAMPBELL ET AL.

CONVEYANCE: UNDUE INFLUENCE: WEAKNESS OF INTELLECT.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 9.

ACTION in equity to set aside a conveyance of real estate made by Charles Campbell to the defendant I. N. H. Campbell. The petition was dismissed on the merits, and plaintiffs appeal.

*F. M. Davenport* and *Roberts & Green*, for appellants.

*M. E. Cutts*, for appellees.

SEEVERS, J.—The plaintiffs and defendants, I. N. H. Campbell and John Campbell, are the sons and only heirs at law of Charles Campbell, who died in September, 1871, intestate. At the time of his death Charles Campbell was upwards of ninety-three years old. Six days previous thereto he conveyed to his son I. N. H. Campbell a half section of unimproved land situate in Wayne county. At the time the conveyance was made I. N. H. Campbell executed his note to said Charles for two thousand five hundred dollars, payable, with interest, four years after date. The value of the land was between five thousand and six thousand dollars. The defendants claim that the said Charles intended the conveyance as a gift for one-half of said land, and that the note aforesaid was given in payment of the other half. The parties valued the land at five thousand dollars.

The object of this action is to set aside said conveyance on the grounds of undue influence, and because the said Charles had not sufficient mental capacity to understand what he was doing at the time the conveyance was executed. We have each read separately the evidence, and reached the conclusion that it fails to support the allegations of the petition. There is absolutely no evidence tending to show there was undue influence exercised to obtain the conveyance. It is true the opportunity existed, but there is an utter failure to prove it was embraced.

That Charles Campbell was weak in both body and mind, caused by old age, is undoubtedly true, but he was not either physically or mentally as weak as is usually the case with persons who have attained such advanced years. He visited his neighbors shortly before his death, took an interest in passing events, and entered into discussions in relation thereto.

The physician who attended him in his last sickness, and who was present

when the deed was executed, was of the opinion that he had sufficient mental capacity to understand what he was doing. He gave a valid and sensible reason for making the conveyance, and understood the financial condition of his children. Several witnesses speak of his being of weak mind, and state that in their opinion he had not sufficient mental capacity to transact business. But they fail to state any act done or omitted to be done which in the slightest degree indicated a want of mental capacity. This, to our minds, is a significant fact. If the power to contract at all exists, mere weakness of mind, without fraud or undue influence, is not sufficient. *Speer v. Sewell*, 4 Bush., 239; *Graham v. Castor*, 55 Ind., 559; *Thompson v. Kyner*, 65 Penn. St., 368.

It may be and no doubt was true that Charles Campbell did not have sufficient physical capacity to attend to business generally, and that one or the other of his sons had for some years attended thereto for him. But there is no evidence tending to show that he did not know, in a general way at least, what was being done. Even if he did not, this by no means demonstrates that he could not have so done if he saw proper. It is quite usual for old persons to delegate to others the active management of their business, not because of a want of capacity but of inclination.

Without referring to the evidence at greater length, we are clearly of the opinion the plaintiffs have failed to prove the allegations of the petition, and that on the merits, taking into consideration all the evidence, the judgment of the Circuit Court must be

AFFIRMED.