Copeland v. Copeland.

No. 8670.

## COPELAND v. COPELAND.

CONTRACT.—Conveyance.—Condition Subsequent.—Consideration.—Agreement to Maintain Grantor and Wife.—Husband and Wife.—Divorce.—Lien.—Judgment.—Prayer of Complaint.—Performance.—A husband and wife joined in a conveyance of lands of which the husband was seized in fee, to a son of the husband by a former marriage, which the son accepted. In the deed it was declared that the land was thereby encumbered with one-half of the expenses of maintaining the grantors and each of them during the life of each, in a manner comporting with their station in life and former mode of living, and that on failure by the grantee to furnish such maintenance the land should revert to the husband. Afterwards the grantors

were divorced. The wife sued the son, averring these facts, and that one-half the cost of her support, provided for in the deed, since the execution thereof, was $50 per annum; that the defendant failed to furnish such support, to her damage $250, which is due and unpaid, for which she demands judgment, etc.

*Held*, that the grant was subject to a condition subsequent which the husband only could enforce, and also to a lien upon the land which either could enforce against the land, but not by personal judgment against the grantee.

*Held*, also, that the prayer for a personal judgment did not, under the statute (R. S. 1881, sec. 385), render the complaint bad on demurrer.

*Held*, also, that the divorce, though granted for the fault of the wife, did not terminate her right to the maintenance provided for in the deed.

*Held*, also, that the facts averred were sufficient on demurrer to justify a judgment enforcing the lien.

*Held*, also, that an answer to the whole complaint, averring performance of the condition by the defendant until the plaintiff abandoned her husband, who obtained a divorce for such abandonment, and that he had at all times been ready to support her at her husband's home, was bad on demurrer.

From the Henry Circuit Court.

*M. E. Forkner*, for appellant.

*J. H. Mellett* and *E. H. Bundy*, for appellee.

HAMMOND, J.—The appellee brought this action against the appellant to recover for one-half of the value of her support and maintenance, growing out of a conveyance of real estate, on July 6th, 1875, by John Copeland and the appellee, then the grantor's wife, to the appellant and two others, who were children of said John Copeland by a former wife. A copy of the deed is filed with the appellee's complaint. In this deed separate tracts of land are conveyed to each grantee. So much of the deed, omitting descriptions of land, as relates to the appellant, is as follows:

"This indenture witnesseth, that John Copeland and Sarah Copeland, his wife, of Henry county, in the State of Indiana, convey and warrant to my children, hereinafter named, of Henry county, in the State of Indiana, for the consideration hereinafter mentioned, the several tracts of real estate herein described, respectively, in Henry county, in the State of In-

Copeland v. Copelaud.

diana, namely : *First*. To my son Needham W. Copeland, for and in consideration of natural love and affection, $47\frac{48}{100}$ acres," (here follows description), "which I hereby encumber with one-fourth the expenses of the full and entire maintenance of myself and wife during each of our lives; also, I convey to my son Needham W. Copeland, for and in consideration of $1,200, which I propose to give to the children of my daughter Anna Bicknell, deceased," (here follows description of three tracts of land). "These three last described tracts. I also encumber with one-fourth the expense of the full and entire maintenance of myself and wife during our lives."

\* \* \* \* \* \* \* \* \* \* \*

"The maintenance referred to in this deed is to be such as comports with my station and walk in life and former mode of living, and to include all the care, necessaries and expenses in all sickness, together with the last sickness, and to pay all funeral expenses, and this to include myself and wife during each of our lives, and also care, home and home necessaries and expenses during health as well as sickness. In case any one or all the above grantees failing to discharge their part or parts as above stated and respectively required, the title hereby conveyed shall revert back to me and become null and void as to the person or persons so failing. In witness whereof the grantors have hereunto set their hands and seals, this 6th day of July, 1875."

his<br>
[Signed]  "JOHN &times; COPELAND. [Seal.]<br>
mark<br>
"SARAH COPELAND. [Seal.]"

This deed was duly acknowledged and recorded.

The appellee avers in her complaint that at the time of the above conveyance John Copeland owned the land therein described; that she was then his wife, and as such joined with him in the conveyance; that the only consideration for the deed was the encumbrance placed upon the real estate therein for the support and maintenance of the grantors as therein.

provided; that the appellant accepted the deed and entered into the possession of the real estate conveyed to him, and has since occupied and enjoyed the rents and profits thereof; that since the execution of the deed a divorce by the Henry Circuit Court has been decreed, dissolving the marriage then existing between John Copeland and herself; that one-half the expense of her support and maintenance as provided in the deed has been of the value of $50 per annum, since the making of the deed; that the appellant has wholly failed and refused to furnish her such support, to her damage in the sum of $250, which she avers to be due and unpaid, and for which she prays judgment and other proper relief.

The appellant demurred to the complaint for want of facts to constitute a cause of action. His demurrer was overruled. He then answered, first, by the general denial; secondly, as follows:

"*Second.* He says the lands described in the complaint, at the date of said conveyance, were the property in fee simple of said John Copeland, in which the plaintiff had and held only an inchoate interest as the wife of said John Copeland; that she was his second wife, by whom he had no children; that this defendant fully performed the conditions of said deed and kept and maintained said plaintiff as long as she remained and cohabited with said John, and has at all times performed the same as to said John Copeland, and he has been at all times ready and willing to perform the conditions of said deed and keep, maintain and support the plaintiff, such as comports with her station and walk in life and former mode of living, including all the necessaries and expenses in all sickness, together with the last sickness and funeral expenses, and to include home and home necessaries, and expenses during health as well as sickness, during her natural life, at the said home of the said John Copeland; but on the — day of ——, 1875, she, without cause, abandoned the home of her said husband, and has continued to live separate and apart from him, and on the — day of November, 1878, he recovered judgment

Copeland *v.* Copeland.

against her in this court, that the bonds of matrimony theretofore existing between them be dissolved, and that he be divorced on account of said abandonment; said court at the time of the rendition of said judgment having full and complete jurisdiction of the subject-matter of the action in which said judgment was rendered, and of the parties thereto."

The appellee's demurrer, alleging want of facts to constitute a defence, was sustained to the above second paragraph of the answer. The case was tried by a jury, who returned a verdict for the appellee for $183, and, over the appellant's motion for a new trial, a personal judgment was rendered against him on the verdict. He excepted to the rulings of the court in overruling his demurrer to the complaint, in sustaining the appellee's demurrer to the second paragraph of his answer, in overruling his motion for a new trial, and in rendering a personal judgment against him; and these several rulings he has properly assigned as error in this court. We will notice such objections as the appellant has made to these rulings and as are necessary to be referred to for a proper decision of the case. The first objection made to the complaint is that it seeks to recover a personal judgment against the appellant, which, it is claimed, is not authorized by a breach in the conditions of the deed, to support the appellee, etc.

We concur with the appellant that a personal judgment is not warranted, a point that will be again adverted to in this opinion; but still, we think, the complaint is sufficient to authorize a judgment *in rem*. In the deed set out in the appellee's complaint, one-half of her support and maintenance was made a charge upon the lands conveyed to the appellant, and the facts stated in the complaint are sufficient to enforce the lien thus created. It is true, the relief asked in the appellee's complaint is for a personal judgment, but where, as in this case, the defendant answers, the court may grant the plaintiff "any relief consistent with the case made by the complaint and embraced within the issue." Section 385, R.

S. 1881. It is also objected to the complaint that the appel-lee has not chosen the proper remedy. It is insisted that there was but one remedy, namely, the right of re-entry for condition broken as provided in the deed. This right was expressly reserved by John Copeland to himself in the deed, and without such reservation he no doubt had that right during the marriage relation for the failure of the grantees to support him or the appellee according to the provisions of the deed; and we would not be understood as saying that such right does not still exist in him. But the support of the grantors, and each of them, was by the deed made an encumbrance or charge upon the land as well as a condition of the conveyance. The condition was a condition subsequent, and, if broken, the right of entry, both by the law and by the deed, was secured to John Copeland. But this was not the only remedy. The encumbrance or charge upon the land for the support of the grantors, and each of them, gave them severally a lien, by the enforcement of which in the proper action against the land, the purposes of the conveyance as to the grantors could be subserved. Both of these remedies existed in John Copeland; he could waive the right of re-entry for condition broken and enforce his lien by obtaining a decree for the sale of the land. But the right of thus enforcing her lien was the only remedy for the appellee. While the marriage relation existed, the recovery of the land and resumption of title by the husband, for a breach of the condition of the deed, would have resulted in a complete remedy for the appellee, for in such case her inchoate right of title would have re-invested in her. But since the relation of husband and wife has ceased a resumption of possession by her late husband for condition broken would be no remedy for her, and unless her lien upon the land for her support survived the dissolution of the marriage and may still be enforced by her, she is without a remedy. We believe that the lien and the remedy for its enforcement continued to exist in her. Although at the time of the conveyance she was John Copeland's second wife, and without

children by him, and although he had living children by a former marriage, she had, notwithstanding these facts, an inchoate interest in his real estate. If she remained his wife and survived him, she would have, at least, an estate for life in one-third of all the lands of which he may have been seized during the coverture, in the conveyance of which she had not joined with him. Section 2491, R. S. 1881.

The inchcate and contingent interest of the wife in the lands of her husband is considered of so much value that few purchasers of the husband are satisfied with a conveyance unless the wife joins in it with him ; indeed, this court, in two cases, *Hollowell* v. *Simonson*, 21 Ind. 398, and *Brown* v. *Rawlings*, 72 Ind. 505, has decided that the relinquishment by the wife of her inchoate interest in land of her husband is a sufficient consideration to support a conveyance of part of his land to her, which, if *bona fide*, will be upheld against the claims of her husband's creditors. The appellee was not bound to join in the conveyance to the appellant; but she did join in it for the consideration that the real estate conveyed was to be charged with a part of her support, not merely during the existence of the marriage relation but during life. The appellant accepted the conveyance with this charge upon the land. The charge thereby became her separate property or chose in action, and the subsequent divorce of her husband from her did not and could not, without her consent, affect her rights. Suppose that, in place of charging the land with her maintenance, she had, as a consideration for her joining with her husband in the deed, demanded and been promised a consideration estimated in dollars, and that for such consideration the appellant had executed and delivered to her notes payable to herself; it would not for a moment, in such case, be insisted that the subsequent divorcement of herself and husband would discharge the maker from the payment of his notes. There can be no difference, in principle, as to the encumbrance that was put upon the land for her support. As a consideration for her joining in the deed, the appellant ac-

cepted a conveyance of land encumbered for a certain part of her support during her life.   If a transaction which does not concern him, but which affects only her domestic relations with her husband, may discharge the land from this encumbrance, the effect would be to release the appellant from the payment of a part of the consideration which he agreed to pay for the land.   It seems to us that the mere statement of such a proposition carries with it its own refutation.   It is true that a divorce deprives the wife of her inchoate interest in all lands held by her husband, but it does not work a forfeiture of the consideration received or due her for any relinquishment, previously made, of such interest.

The resumption of possession for condition broken by John Copeland since the divorce would not deprive the appellee of her right.   The charge upon the land for her support during life was placed upon the land by him in making the deed as the consideration for her joining in it, and this charge must remain upon the land without reference to the ownership.

The allegation in the answer, that the appellant supported the appellee according to the provisions of the deed until she abandoned John Copeland, is bad for being incomplete.   It purports to answer the whole complaint; whereas it is only a partial answer.   Nor does the averment in the answer make it good, that the appellant had at all times been ready and willing to support the appellee *at the home of* John Copeland, but that she had abandoned him and he had procured a divorce from her.   There was no condition in the deed that such support should be furnished her only while she lived at the home of John Copeland as his wife.   This condition might have been put in the deed, but it was not.   Courts can only enforce contracts as they find them, and not as parties, long after their execution, may think they ought to have been made.   The cases of *Green's Adm'r* v. *Green*, 32 Ind. 276, *Blossom* v. *Ball*, 32 Ind. 115, and *Graham* v. *Castor*, 55 Ind. 559, cited by the appellant, are not in point, the agreements in these cases being for the support of the beneficiaries of the deed or devise, at a

specified place, which was not the case in the deed under consideration. The appellee's charge upon the land for her support, it is proper to observe, could not be increased or in any way affected by extra expense occasioned by her abandoning her husband and living elsewhere. The encumbrance was only for such amount as would reasonably support her in the mode and condition in which she was living at the time of the execution of the deed.

We think the complaint was good, and the second paragraph of the answer bad, and that the court's rulings upon the demurrers thereto were correct.

The court, as we have seen, rendered a personal judgment against the appellant, over his objection and exception. This was error. The conditions of the deed as to the support and maintenance of the grantors imposed no personal liability upon the appellant. Such support and maintenance were made an encumbrance upon the land, without any stipulation providing for their payment outside of such encumbrance. In this respect the case at bar differs from *Burch* v. *Burch*, 52 Ind. 136; *Lindsey* v. *Lindsey*, 45 Ind. 552; *Spaulding* v. *Hallenbeck*, 35 N. Y. 204; and *Tanner* v. *VanBibber*, 2 Duv. (Ky.) 550. In these cases there was a personal liability imposed upon the devisees or grantees.

The charge made upon the appellant's land by the deed to him from John Copeland and the appellee is not unlike a mortgage where there is no agreement, in or out of it, to pay the mortgage debt. In such case the remedy is confined to the mortgaged property. *Fletcher* v. *Holmes*, 25 Ind. 458; sec. 1087, R. S. 1881. And the present case is also analogous to that of a grantee taking a conveyance subject to an encumbrance without an agreement to pay the same. No personal liability, in such case, follows the acceptance of the deed.

There were alleged errors set out in the appellant's motion for a new trial, involving the correctness of the court's rulings in giving and refusing certain instructions relating to the appellant's personal liability. We think there was such error

here as entitled the appellant to a new trial; but, as these questions have been already considered, more particularity of statement respecting the same is not required. The errors complained of will not likely occur in another trial.

The judgment of the court below is reversed, and cause remanded, with instructions to sustain the appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.