## Throckmorton v. Davidson.

1. **Specific Performance of Contract to Convey:** WHEN NOT DECREED. Equity will not enforce a contract for the conveyance of land if it be unconscionable, unfair, obtained by the party seeking to enforce it by fraud or undue influence, or is not supported by an adequate consideration, or is ambiguous. But the contract involved in this case *held* to be vulnerable to no such objection, and the decree of the district court for a specific performance is affirmed.

*Appeal from Jasper District Court.*

Thursday, April 22.

Action in chancery to enforce the specific performance of a contract for the sale of land. There was a decree granting the relief prayed for by plaintiff. Defendant appeals.

*Winslow & Varnum* and *J. Kipp & Son*, for appellant.

*Alanson Clark*, for appellee.

Beck, J.—I. There can be no dispute as to the controlling facts of this case. Defendant admits, or does not deny, either in her answer or her evidence, the contract of sale made by her with plaintiff, which he seeks specifically to enforce. The agreement was oral, and is in effect that plaintiff was to pay $2,400 for the land, which contained eighty acres. Twenty dollars

were to be paid in hand, $480 in a little less than five months, and the balance in yearly payments of $500, except the last, which was $400.   Notes and mortgage were to be executed for the deferred payments.   The conveyances were to be executed in two or three days after the contract was made.   It does not appear that the contract depended upon the conveyance of the land and the execution of the mortgage within the exact time mentioned.   The $20 cash was paid to defendant when the contract was made, and the plaintiff, within a day or two after the time fixed for the execution of the deed and delivery of the notes and mortgage, tendered these instruments to defendant.   She refused to convey the land and accept the notes and mortgage, and tendered the $20 received by her to plaintiff.

II.   There can can be no question as to the correctness of the doctrine announced by defendant's counsel, to the effect that equity will not enforce a contract of the character of the one before us if it be unconscionable, unfair, obtained by the party seeking to enforce it, by fraud or undue influence, or is not supported by any adequate consideration, or is ambiguous.   Indeed, if there be anything which savors of injustice in the terms of the contract, or of deception inducing it, equity will turn away from the party seeking to enforce it. But we find nothing of this kind in the case before us.   It is true that, at a time prior to the making of the contract, the father of the plaintiff, who it is claimed by counsel was interested in the transaction, expressed to defendant the opinion that the land was worth more than $25 per acre. Defendant claims that she was influenced by this opinion to fix the price at $30 per acre, which was agreed upon in the contract with plaintiff.   That price does not seem to be so inadequate as to raise a presumption against the transaction. One witness for defendant testifies that the land was worth "from $30 to $35 per acre."   Other witnesses testify to the value of adjoining farms, which we understand had improvements of more value than is upon the land in question.   We

are of the opinion that the contract was fairly made, and ought to be specifically enforced.

III. Counsel for defendant insist that the contract was not completed, because it was shown, as they claim, that it was to be reduced to writing within a time mentioned, which was not done. But we understand the evidence to show that the oral contract for the sale of the land was completed, and that the deed for the land, and the mortgage and notes to secure the deferred payments, were to be delivered within the time mentioned. Counsel's position finds no support in the evidence. It is insisted that the contract was indefinite and uncertain. We think differently. It was for the conveyance of a specified tract of land, for a fixed sum, to be paid in installments.

IV. It is also claimed that, in some respects as to interest, the notes do not accord with the contract, and the tender thereof was not good. But no such objection was raised when the tender was made, nor was it pleaded by defendant.

In our opinion, the decree of the district court ought to be

AFFIRMED.