No. 13,192.

## BURKHAM v. HAYES, ADMINISTRATOR.

FAMILY SETTLEMENT.—*Decedent's Estate.*—*Claims.*—*Payment.*—Where one devisee, who holds enforceable claims against the testator's estate, enters into a contract with another devisee, upon whose land the claims are a burden, in pursuance of which the latter pays to the former full consideration for the claims, the settlement is valid, in the absence of fraud or mistake, and the claims involved will be deemed extinguished.

From the Dearborn Circuit Court.

*J. K. Thompson,* for appellant.

*N. S. Givan* and *W. N. Hauck,* for appellee.

ELLIOTT, J.—The appellee filed his final report as administrator *de bonis non* of the estate of Enoch Hayes, deceased, on the 5th day of January, 1886. A time was fixed for hearing, and due notice given. After the report was filed the administrator added to it the claims against the estate held by the appellant. The allowance of these claims was successfully opposed, and Burkham appeals from the judgment against him.

Enoch Hayes died testate. He devised land to his wife, Anna Hayes, and to his mother, Mary A. Sykes. The will contained this clause : " I will that in case there is not money enough in the hands of the executors of my father's will to pay all of my just debts, I then desire that the property herein devised to my wife, Anna, and to my mother, Mary A. Sykes, shall be held in equal proportions to pay the same, and to this end I make a charge upon my estate so devised to perform the same."

Anna Hayes subsequently married Samuel Cooper. Henry L. Cooper qualified as executor of the will, and assumed the duties of the trust in Hamilton county, Ohio, and in Dearborn county, in this State ; John Billingsley was surety on

Cooper's bond; Cooper was removed from his trust by the court, and an action was brought on his bond. Billingsley paid all the claims that had been allowed against the estate in Dearborn county, and took an assignment of them. Samuel Cooper and wife borrowed money from John Huff, for which they executed a mortgage on the land devised to Anna Hayes, and with it paid Billingsley the amount expended by him in the payment of claims. The claims thus paid were assigned by Samuel and Anna Cooper to the appellant. A contract was entered into between Cooper and his wife and Mrs. Sykes, the mother of Enoch Hayes, before the assignment was made, which reads thus :

" Whereas, on an accounting this day between Mrs. Mary Ann Sykes and Samuel W. Cooper and Anna H. Cooper, his wife, it appears that Samuel W. Cooper and his wife have advanced and paid to H. L. Cooper, executor of Enoch Hayes, deceased, the sum of $2,100, and have paid off debts of said Enoch Hayes, testator, to the amount of $1,347.29, and that Mrs. Sykes, above named, has, also, by sale made of part of her land devised to her by Enoch Hayes, deceased, paid to said executor the further sum of $1,515; and whereas there is a balance of $1,000 unpaid of the allowance to Anna H. Cooper, widow of Enoch Hayes; now it is hereby agreed and witnessed that in full settlement and payment of the amount of the difference between the amount so advanced and of the one-half of the amount of debts so paid by Samuel W. Cooper and wife, and in consideration of the full release to said unpaid balance of said allowance to said Anna Hayes Cooper, as widow of Enoch Hayes, which is now and hereby released and discharged, the said Mary Ann Sykes has executed and does deliver simultaneously with this instrument, a lease to said Samuel W. Cooper and Anna H. Cooper of 89 acres of land in Dearborn county, Indiana, for the term of three years from March 1st, 1882, setting forth that the rent, except as to the annual taxes, which said Cooper agrees to pay, is paid in full; and further, that in consideration of a deed

of conveyance of the tracts of land conveyed by H. L. Cooper, executor, to said Anna H. Cooper, recorded book 514, p. 279, executed by Anna and her said husband to said Mary Ann Sykes, she, the said Mary Ann Sykes, has paid in cash to said Cooper the sum of $500, and assumes the payment, when due, of the note of said Anna H. Cooper for $757.50, secured by a mortgage on said premises conveyed—that is to say, taking said conveyance subject to said mortgage."

This contract controls the case. It is founded on a sufficient consideration, and so operates as to extinguish the claims assigned to Burkham. Mrs. Sykes had an interest in the land devised to her, but burdened with a charge, and she, therefore, had a right to contract for the removal of this burden. This she did. Mrs. Cooper undoubtedly had a like interest in her deceased husband's estate, and might, perhaps, have paid the claims and enforced them against the estate, but she chose to extinguish them by a contract with another devisee. Having received from that devisee full consideration for the claims which she had paid, and having elected to take that consideration rather than enforce the claims assigned to her, they ceased to be enforceable. They were paid by the consideration which moved to her from Mrs. Sykes. Mrs. Sykes had a right to ask that the claims should be extinguished by the consideration which she paid, and to this Mrs. Cooper acceded. Thus a valid and effective settlement of those claims . was made, and that settlement can not be annulled, for neither fraud nor mistake is shown. Adjustments in the nature of family settlements are favored by law, and this adjustment was of that character. *Wright* v. *Jones*, 105 Ind. 17 (27).

As the contract governs the case and fully sustains the judgment of the trial court, it is unnecessary to discuss other questions.

Judgment affirmed.

Filed Nov. 14, 1888.