No. 14,125.

## HAYES, ADMINISTRATOR, *v.* SYKES.

**WILL.**—*Real Estate.*—*Charge upon for Payment of Debts.*—*Personal Liability of Devisees.*—Where a will provides that real estate devised to the testator's wife and mother shall be held liable, in equal portions, to pay his debts if his personalty is not sufficient for that purpose, "and to this end I make a charge upon my estate so devised to perform the same," the devisees do not, by accepting the testamentary provision, become personally liable for the indebtedness of the estate.

**FAMILY SETTLEMENTS.**—*Decedent's Estate.*—*Claims.*—*Payment by Devisees.*—*Extinguishment.*—Where one devisee, who holds enforceable claims against the testator's estate, enters into a contract with another devisee, upon whose land the claims are a charge, in pursuance of which the latter pays to the former full consideration for the claims, the settlement is valid, in the absence of fraud or mistake, and the claims involved will be deemed extinguished.

From the Dearborn Circuit Court.

*N. S. Givan* and *W. N. Hauck*, for appellant.
*G. M. Roberts* and *C. W. Stapp*, for appellee.

BERKSHIRE, J.—This litigation commenced with the filing of a claim against the estate which the appellant represents. Originally the claim was made up of two paragraphs, numbered one and two, respectively. The court sustained a demurrer to the first paragraph, and the appellee filed an additional paragraph numbered three. Demurrers were overruled to the second and third paragraphs, and an answer filed in two paragraphs, the second of which was a general denial. A demurrer was filed and sustained to the first paragraph and an exception taken.

The only errors assigned which we care to notice are, that the court erred in overruling the demurrer to the second paragraph of the claim, in sustaining the demurrer to the first paragraph of answer, and in overruling the motion for a new trial. As the same strictness in pleading is not required in the filing of claims against decedents' estates that is required in ordinary civil actions, the second paragraph of the claim may be good, possibly; but as we are not entirely satisfied that it is sufficient from the investigation which we have made, and as it does not become necessary to pass upon its sufficiency, in view of the conclusion to which we have arrived in reference to the ruling of the court in overruling the motion for a new trial, we do not decide as to whether it is sufficient or not.

In passing upon the demurrer to the answer, and that an understanding may be had of the question presented, it will be proper to state briefly the allegations made in the second paragraph of the claim, which is the paragraph on which the allowance made by the court depends. Enoch Hayes, the decedent, died testate in November, 1875, and his will was duly probated in Hamilton county, Ohio, where he resided, on the 7th day of December, 1875, and in Dearborn county, Indiana, on the 22d day of the same month and

year. The entire real estate of which he died the owner, was situated in said counties of Hamilton and Dearborn. By his will he devised his Hamilton county real estate to the appellee, his mother, which was of the value of $6,500, and his Dearborn county real estate to his wife, now Anna Hayes Cooper, which is of the value of $15,000. The personal property left by the testator was worth less than $1,000, which was exhausted in the payment of debts, and left remaining an indebtedness amounting to $10,000; that by the terms of the will one-half of this said indebtedness was made a charge upon the real estate devised to the appellee, and the other half a charge upon the real estate devised to the said Anna Hayes Cooper. On the 7th day of said month of December, Harry L. Cooper qualified as executor in Hamilton county, Ohio, and on the 22d day of said month, he thus qualified in Dearborn county, Indiana; that in order to save said real estate from sale for the payment of debts, the appellee and the said Anna Hayes Cooper took up and held for their protection claims against said estate amounting to $5,000, which was done with the consent and approval of the said executor.

On the 27th day of January, 1882, an accounting took place between the appellee and the said Anna Hayes Cooper, and it was thereby ascertained that it would be necessary for the appellee to pay to the said Anna Hayes Cooper $1,725 to equalize her with the latter on account of the excess of claims paid by her over what the appellee had paid, and to make them equal the appellee leased for three years to the said Anna Hayes Cooper and her husband certain real estate which she owned in Dearborn county, Indiana. That afterwards it turned out that the indebtedness of said estate was much greater than was anticipated, and the real estate that was devised to the appellee was sold by the executor for the payment of debts; and the theory of the claim is, that the appellee became subrogated to the rights of creditors to the extent of the said sum of $1,725 paid to the said Anna

Hayes Cooper, and entitled to an allowance therefor against the estate.

It may be well to state further that Cooper was removed as executor of the estate in Dearborn county, and the appellant became administrator *de bonis non*.

The answer rests on the following item in the will: "I will that in case there is not money enough in the hands of the executors of my father's will to pay all my just debts, I then desire that the property herein devised to my wife Anna and to my mother Mary Ann Sykes shall be held liable in equal proportions to pay the same, and to this end I make a charge upon my estate so devised to perform the same."

It is alleged in the answer that the appellee and the said Anna Hayes Cooper accepted the provisions as made for them by the will, and the theory of the answer is that they thereby became personally liable for the indebtedness of the estate, and therefore the right of subrogation does not exist.

It is not our opinion that the devisees became personally liable because of their acceptance of the devises made to them by the will. By the terms of the will they took title to the real estate subject to the encumbrances and charge that was placed upon it. *Copeland* v. *Copeland*, 89 Ind. 29 ; *Hancock* v. *Fleming*, 103 Ind. 533.

In *Porter* v. *Jackson*, 95 Ind. 210, and other cases referred to by counsel for the appellant, a personal liability was imposed on the devisee. The provisions of the will were such in each of those cases that by an acceptance of its terms a personal liability was assumed.

In our judgment the answer was bad, but were we of a different opinion there would be no available error, because all facts provable under this paragraph were competent under the general denial. R. S. 1881, section 2324. The court should have sustained the motion for a new trial.

This case may be said to be a counterpart of the case of *Burkham* v. *Hayes*, 116 Ind. 136. Burkham, the appellant in that case, filed his claim as assignee of the said Anna

Hayes Cooper against the appellee, who is the appellant in this case. The indebtedness which she claimed to be due her, and which she attempted to assign to Burkham, was asserted on account of claims which she had paid that were owing from the said estate. The same written contract that was introduced in evidence in that case was introduced in this case, and as it is set out in the opinion delivered in that case we need not set it out. The opinion was delivered by EL-LIOTT, J., and we copy from it as follows: " This contract controls the case. It is founded on a sufficient consideration, and so operates as to extinguish the claims assigned to Burkham. Mrs. Sykes had an interest in the land devised to her, but burdened with a charge, and she, therefore, had a right to contract for the removal of this burden. This she did. Mrs. Cooper undoubtedly had a like interest in her deceased husband's estate, and might, perhaps, have paid the claims and enforced them against the estate, but she chose to extinguish them by a contract with another devisee. Having received from that devisee full consideration for the claims which she had paid, and having elected to take that consideration rather than enforce the claims assigned to her, they ceased to be enforceable. They were paid by the consideration which moved to her from Mrs. Sykes. Mrs. Sykes had a right to ask that the claims should be extinguished by the consideration which she paid, and to this Mrs. Cooper acceded. Thus a valid and effective settlement of those claims was made, and that settlement can not be annulled, for neither fraud nor mistake is shown. Adjustments in the nature of family settlements are favored by law, and this adjustment was of that character. *Wright* v. *Jones*, 105 Ind. 17 (27). As the contract governs the case and fully sustains the judgment of the trial court, it is unnecessary to discuss other questions."

All that is said as to the claims paid by Mrs. Cooper applies with full force to the appellee's claim in this case ; and it may be said in addition that the appellee paid no part of

the indebtedness of the estate, but by the arrangement with Mrs. Cooper the equities between the two were adjusted, and that was all.

The question as to the appointment of Holman judge *pro tempore* by McMullen, judge *pro tempore,* was not properly saved, but see *Cargar* v. *Fee,* 119 Ind. 536, which disposes of the question when properly raised.

The judgment is reversed, with costs.

Filed June 21, 1889; petition for a rehearing overruled Oct. 11, 1889.