KINSEY ELWOOD v. NICHOLAS O'BRIEN AND JAMES CLANCY, HIS GUARDIAN, Appellants.

Insane Persons: CONTRACTS. A contract cannot be avoided on the ground that one of the parties thereto was insane or of unsound mind when he entered into a contract, free from fraud or undue influence and made upon adequate consideration, unless such unsoundness or insanity was of such character that he had no reasonable perception or understanding of the nature and terms of the contract.

EVIDENCE. It will be presumed that a person was sane when he executed a contract, although he was adjudged insane eight days thereafter.

*Appeal from Howard District Court.*—HON. A. N. HOB-
SON, Judge.

SATURDAY, APRIL 9, 1898.

SUIT in equity for the specific performance of a
contract for the sale of real estate. Defense, unsound-
ness of mind and incapacity of the vendor, O'Brien.
Trial to the court. Decree for plaintiff, and defend-
ants appeal.—*Affirmed.*

*C. C. Upton* and *Stephen Mahoney* for appellants.

*H. T. Reed* for appellee.

DEEMER, C. J.—The execution of the contract, the
payment of a part of the consideration, and a tender
of the remainder, are all admitted. The sole issue in
the case relates to appellant O'Brien's condition of
mind at the time he entered into the contract. The
contract was made on November 14, 1894. On the
twenty-second day of the same month, O'Brien was
taken before the board of insane commissioners of
Howard county, adjudged insane, and taken to the hos-
ital at Independence, from which place he has never
been discharged, so far as shown. The contention now
made in his behalf is that he was so far demented and
unsound of mind at the time the contract was made
that it should not be enforced. This is almost wholly
a question of fact, and a discussion of the evidence
adduced would accomplish no useful purpose.
The presumption is that he was sane when the
contract was made, and the burden is upon the
appellants to show that he was not, and that he was in
fact incapacitated from making the contract. In order
to avoid the contract, it must appear, not only that
defendant was unsound of mind, or insane, when it

was made, but that this unsoundness or insanity was of such character as that he had no reasonable perception or understanding of the nature and terms of the contract. Mere weakness of mind, or unsoundness to some degree, is not sufficient, in the absence of fraud or undue influence, to invalidate a contract. *Campbell v. Campbell*, 51 Iowa, 713; *Burgess v. Pollock*, 53 Iowa, 273. The doctors who have charge of O'Brien at the hospital say that he had partial or primary dementia when he came to that institution, and that this disability probably existed at the time the contract was entered into. That O'Brien was, and had been for many years prior to the making of the contract, peculiar in his methods and conduct, is conceded. But we find that he looked after his business affairs with judgment and discretion, and exercised at least an ordinary degree of foresight and intelligence in all his dealings. The contract is entirely free from fraud or undue influence, and the consideration agreed to be paid is not inadequate. We are constrained to believe that O'Brien fully understood and comprehended the nature and effect of the transaction, and that while his mind was to some extent unbalanced, and he was troubled with partial dementia, yet he had that judgment and discretion, that understanding of the effect of the agreement, that he should be held bound thereby. After O'Brien was taken to the hospital, he wrote two letters, referring to business matters connected with his farm, and to the contract which is at the bottom of this controversy, which clearly indicate that he was possessed of memory and understanding, and was qualified to judge of the care his property needed, and of the effect of his contract with appellee. These letters afford strong evidence of appellant's competency to transact business. Without referring more in detail to the evidence before us, it is sufficient to say that we

are all agreed in holding that there is no such showing of incompetency as will justify a court in denying the relief asked. Suggestion is made in argument that the contract is ambiguous, and that the consideration is inadequate. Neither of these claims are of sufficient merit to justify extended consideration. They are fully answered by what is said in the case of *Throckmorton v. Davidson*, 68 Iowa, 643. The decree of the district court is AFFIRMED.