### 366

Alfred H. Hassett, p. a.  
      vs.  
Winthrop D. Thurston,  
Town Treasurer

No. 38258

RESCRIPT  
June 20, 1919

TANNER, P. J. This case is heard upon the defendant's demurrer to the plaintiff's third amended count.

The count states in substance that the plaintiff was travelling along a certain walk upon a public square in the Town of Bristol, and when he was at a point 100 feet more or less from the baseball diamond, so called at which a display of fireworks was then and there being made, which said square was located in a thickly populated portion of the town and was a place where the public was in the habit of congregating in large crowds, that said fireworks were dangerous to the plaintiff and others, and it was the duty of the town of Bristol not to permit, aid or abet the maintenance of a public nuisance at said place, nor fireworks

except for the purpose of exhibiting on suitable occasions by skilled persons duly and lawfully licensed by the town; that the town did not exercise such care as it was bound to exercise; that said display was conducted by persons to the plaintiff unknown; that said persons had no license from said town to set off fireworks; that then and there before said town council of said town had authorized and approved the firing of said rockets and explosives without restrictions or supervision looking to the safety of the plaintiff, the town council then and there before that time had promulgated its order authorizing certain large bodies of people, against the statute in that behalf provided, to make said display of fireworks without specifying or licensing any particular person, and without inquiring what persons were to conduct said display or what knowledge they had of fireworks, and no care was taken to warn the public of the danger by the placing of guards or other devices to prevent the said display from becoming a public nuisance, and the plaintiff in the exercise of due care was injured by said fireworks.

### 367

This case is heard upon demurrer and is argued upon the question of whether or not the declaration stated a nuisance for which the defendant town was responsible.

The plaintiff relies upon Spear vs. Brooklyn, 139 N. Y. p. 6. That case differs from the case at bar in this respect: that there was a license given to display fireworks upon two highways of the city. As to this the Court said that it was a nuisance and dangerous per se, but the Court did, by way of discrimination say, that the display of fireworks on streets and public places might be given under the supervision of municipal authorities, due care being used both as to the place and in the management of the display.

In Crowley vs. Rochester Fireworks, 76 N. E. 470, the Court says that it may

well be that a display of fireworks in a city street, at least in a city densely populated like the city of New York, constitutes a nuisance per se, but we are of the opinion that it is not necessary illegal to exhibit a display of fireworks in an open space like a park, where the exhibition, if conducted with care, involves no serious danger to persons or property. Where the municipality simply grants a permit to exhibit fireworks in a public park, not a highway, we think it must be assumed that they impliedly grant·the permit to do so in a proper and safe manner. This being so we do not think the burden can be cast upon the municipality of seeing that the display is safely conducted, unless they had knowledge in advance that some methods were to be used which were not safe. Such is the interpretation of the Appellate Division of the Supreme Court of New York of the decisions in Spear vs. The City of Brooklyn, and Crowley vs. Rochester Fireworks.

See De Agramonte vs. City of Mt. Vernon, 98 N. Y. Sup. p. 454. In this last case the Court quotes with approval from Wheeler vs. City of Plymouth, 116 Ind. 138, as follows: "The act of the mayor in granting a permit did not create a liability against the city. The utmost that can be granted is that the act of the mayor constituted the wrongdoers the licenses of the corporation, and granting this, but by no means so deciding, the city is not liable for their acts because it is not shown that it was intrinsically dangerous. It is quite well settled that a municipal corporation is not liable for the acts of its licensees unless it is shown that they were authorized to perform an act dangerous in itself. Here there is nothing to show that the authorized act was intrinsically dangerous. On the contrary, the danger arose from the negligent manner in which the licensees performed the act.

368

The Court quoted from Cohen vs.

Mayor, 113 N. Y. 538, to the effect that the licensor may be liable if proof be made of negligence showing permission to use, or acquiescent in the use of, the mode after notice or knowledge on the part of the licensor.

In De Agramonte vs. City of Mt. Vernon, the Court goes on to say that there was not the slightest proof that the permit authorized the use of dangerous tubes. If the use thereof was negligence, the silence of the permit did not authorize such use inasmuch as there was the implied condition that the act should be done in a prudent, lawful and careful manner.

The case of De Agramonte is followed in Reider vs. Mt. Vernon, 145 N. Y. Sup. 697, and in Von Lougerke vs. City of New York, 134 N. Y. Sup p. 832.

Several cases are cited by the defendant in different states showing that a municipality is not liable if it itself conducts a display of fireworks' in performance of a public function, and also to the effect that the city is not liable for permitting discharge of cannon or fireworks upon public parks or commons.

As before stated, we are of the opinion that the case at bar may be well distinguished from the New York cases upon which the plaintiff relies.

In Sroka vs. Haliday, 39 R. I. 119, the Court, in speaking of the liability of private parties or organizations who hired contractors to conduct the display of fireworks, says that it was a question for the jury to determine whether this display was in fact a nuisance liable to cause injury by reason of the manner in which it was conducted and the negligence of the defendants or their agents. It may well be that it may be a question of fact for a jury to determine such liability as to private parties or organizations who order such a display. But it seems to us that it would be going too far to say that it would be a question of fact as to a municipality which simply under the law grants a permit to conduct such display in the exercise of its semi-judicial function,

The duty is cast upon municipalities by the law to grant large numbers of licenses to do different things. It has usually been held that they act judicially in granting these licenses; that their discretion is not subject to review. We think it is going quite far enough to hold a municipality liable for granting such a permit to exhibit upon a public highway, which would be a nuisance per se, because the exhibition was to be upon a public highway. To leave it to a jury to determine whether an exhibition became in fact a nuisance because of the manner in which it was conducted would be casting too great a burden upon a municipality unless, at least, it was known to the municipality that it was to be negligently conducted.

For this reason the demurrer is sustained.

For plaintiff: J. F. Collins and P. S. Knauer.

For defendant: Waterman & Greenlaw and William T. O'Donnell.