DELLA M. GILLIGAN et al., Plaintiffs, Appellees, v. VERNON JONES, Defendant, Appellee, JAMES JONES et al., Defendants, Appellants.

JAMES JONES et al., Plaintiffs in Cross-Petition, Appellants, v. DELLA M. GILLIGAN et al., Defendants in Cross-Petition, Appellees.

No. 44402.

JANUARY 17, 1939.

REHEARING DENIED MAY 5, 1939.

Wm. P. Welch and Bennett Cullison, for appellees Della M. Gilligan, James M. Gilligan, and Sadie E. Jones.

George Hurley, guardian ad litem, for appellee Vernon W. Jones.

Havens & Evans, for appellants James Jones, Lavina Emmert, Elizabeth Connelly, William Connelly, Henry Jones, and Sybil Jones.

MITCHELL, C. J.—On April 19, 1935, A. K. Jones died, seized, of certain property. Under the residuary clause of his will, which was duly admitted to probate, all of the real estate of which he died seized, passed in equal shares to his five sons and daughters, subject, however, to a charge against the share of one of the daughters, Lizzie Connelly.

John W. Jones, one of the sons, died intestate, survived by Sadie E. Jones, Della M. Gilligan and Vernon W. Jones, as his sole and only heirs at law, and seized of his interest in the real estate left by A. K. Jones.

After the death of John W. Jones, Della M. Gilligan, James Gilligan, her husband, and Sadie E. Jones, commenced this action to partition the land of which A. K. Jones died seized. James Jones, Lavina Emmert, Elizabeth Connelly, William Connelly, Henry Jones and Sybil Jones, filed answer, and also a cross-petition against Della M. Gilligan, James Gilligan, Sadie E. Jones and Vernon W. Jones, and this cause was tried to the court solely upon the said cross-petition. The question before the court was whether a certain 120 acres of land in Shelby county, described as the Southwest Quarter of the Northeast Quarter and the West Half of the Southeast Quarter of Section 31, Township 81, Range 40, was owned by A. K. Jones at the time of his death and should be included in the land to be partitioned. The determination of this question hinged upon the force and effect to be given to a certain warranty deed of conveyance of said land from A. K. Jones to John W. Jones on May 2, 1933. The lower court held that the 120-acre tract in dispute was the property of the heirs of John W. Jones, and denied the relief prayed for in the cross-petition. The cross-petitioners have appealed.

A. K. Jones for a long period of time had lived in Shelby county. He was the owner of considerable real estate. He died at the ripe old age of 92. Some time prior to 1933 he signed a note as surety with his daughter, Elizabeth Connelly, at a bank

in Panama, Iowa. The bank had reduced this to judgment against A. K. Jones and was demanding payment. In 1933 A. K. Jones executed and delivered to his son, John W. Jones, a warranty deed, which recited "the sum of $2,300 and other valuable consideration in hand paid by John W. Jones" as the consideration for the executing and delivering of the deed. This deed was duly recorded. A. K. Jones lived approximately two years thereafter, and at no time did he make any claim to having any interest in this particular 120-acre tract. It is conceded that the $2,300 were paid. John W. Jones, the grantee named in the deed, died in June of 1936. Hence, at the time of the trial of this case in the court below both the grantor and the grantee were deceased.

Appellants set up many reasons why the deed was void and ineffectual.

■ (First) That the circumstances under which said deed was executed were such that a resulting or constructive trust arose under which John W. Jones in his lifetime and his widow and heirs have held the title to said real estate in trust for the benefit of A. K. Jones and his estate.

Appellants cite many cases, including the case of Ennor v. Hinsch, reported in 219 Iowa 1076, 260 N. W. 26. The writer of this opinion is familar with the entire record in the Ennor v. Hinsch case, having written the opinion in that case. The trouble with appellants' contention is that there is no evidence in this record such as there was in any of the cases cited. No one claims that there was any fraud in the securing of this deed by John W. Jones. The deed was prepared by a lawyer and executed in his presence. There is not one word of evidence that there was any agreement or understanding that the property was to be held in trust for the benefit of A. K. Jones and his estate. A. K. Jones lived two years after the deed was made, and never made any claim that he had any interest in this piece of land. The son, John W. Jones, lived fourteen months after the father died, and not one of the heirs of A. K. Jones during the lifetime of John made any claim that he or she had any interest in the 120 acres.

(Second) Appellants say there was a lack of adequate consideration, want of mental capacity of grantor, and undue influence.

We quote from appellants' brief:

"There is no direct evidence of sound or unsoundness of mind of A. K. Jones from witnesses who personally observed him, but there is evidence that all persons of that age have suffered a marked deterioration in mind and mental faculties corresponding to physical decline."

Not one single word from a single person who knew A. K. Jones that he was of unsound mind, lacked the mental capacity to manage his own property, or that there was undue influence on the part of his son, John W. Jones. The only evidence, as conceded in appellants' brief, is that of a medical man, who testified that as a general rule in persons advanced in years there is a deterioration in mind and mental faculties. It is the claim of appellants that because A. K. Jones had reached the age of 92 years, he had suffered marked deterioration. The record shows that he was still able to get around. True, he used a cane. He was hard of hearing, but, no one can say that he was not capable of managing his own business. It may be true, as the medical man testified, that it is the general rule when one has reached the age of 92 there is a marked deterioration in mind and mental faculties, but there are always exceptions to the rule. There is hardly anyone who does not know of some person advanced in years who still retains his mental faculties and is as capable of carrying on business transactions as those many years his junior. Before this court will set aside deeds executed by a person advanced in years, there must be evidence that that individual was not capable of carrying on his business transactions; that he did not understand the nature of the transaction into which he was entering. The evidence of a medical man, that it is a general rule that these conditions exist, is not sufficient.

In the case of Bishop v. Leighty (Iowa), reported in 237 N. W. 251, at page 258, speaking thru the late Justice DeGraff, this court said:

"Decedent was aged and weak mentally and physically, and it is probable she had suffered material mental deterioration. It may be that she was unfit to transact business generally. The evidence, however, in order to warrant the cancellation of the deed, must go further than showing delusions such as are in evidence in this case; further than showing senility and mere impairment of the mental and physical faculties. The evidence must show that at the time of the execution of the conveyance

the grantor was incapable of a reasonable comprehension and understanding of what she was doing. Id.; Dunlop v. Wever, 209 Iowa 590, 228 N. W. 562; Utterback v. Hollingsworth, 208 Iowa 300, 225 N. W. 419; Coughlin v. St. Patrick's Church, 201 Iowa 1268, 203 N. W. 812.; O'Neil v. Morrison [211 Iowa 416], 233 N. W. 708; Rickman v. Houck, 192 Iowa 340, 184 N. W. 657; Crawford v. Raible, 206 Iowa 732, 221 N. W. 474; Leonard v. Shane, 182 Iowa 1134, 166 N. W. 373; Jones v. Schaffner, 193 Iowa 1262, 188 N. W. 787; Elwood v. O'Brien, 105 Iowa 239, 74 N. W. 740; Merchants Bank v. Soesbe, 138 Iowa 354, 116 N. W. 123.''

We come now to the question of lack of consideration.

The 120 acres of land was known as a hill farm. It must be kept in mind that this transfer was made in the year 1933, the low spot as far as farm land and agriculture were concerned in what was known as the ''depression'' years. There is evidence of witnesses for appellants that the land was worth $7,200. These same witnesses testified on cross-examination that after the year 1933 real estate in that community depreciated 25%. There is evidence of other witnesses that the value of the farm was approximately $4,000. The deed recites $2,300 and other valuable consideration. That $2,300 was paid is not disputed. What the ''other valuable consideration'' was is not brought out in the record. It was important to A. K. Jones that the judgment which had been rendered against him, as a surety on his daughter's note, should be paid. There were threats by the holder of the note to levy against real estate and sell same under execution. In order to avoid this, this deal was made. Under this record no one can say that there was not good consideration for the execution and delivery of the warranty deed.

In the case of Burch v. Nicholson, reported in 157 Iowa 502, on page 505, 137 N. W. 1066, on page 1068, this court said:

''The recording of the deed duly executed by Deby Ann Murphy constituted presumptive, but not conclusive, evidence of delivery to Joshua, the grantee named therein. The burden of showing that the deed was not in fact delivered is upon appellants, and they can overcome the presumption of delivery only by clear and satisfactory evidence. As the deed recites a consideration in hand paid and apparently imposes no condition or obligation upon the grantee, it is presumed to have been bene-

ficial to the grantee, and proof of his acceptance is unnecessary. Robinson v. Gould, 26 Iowa 89.''

And so in the case at bar there is a complete failure of proof on the part of appellants. The distinguished trial court had the witnesses before him, and we are convinced that he was right.

It necessarily follows that judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

All JUSTICES concur.