Behrens v. McKenzie.

## BEHRENS v. McKENZIE.

| 23 | 333 |
|----|-----|
| 83 | 375 |
| 23 | 333 |
| 101 | 484 |
| 101 | 659 |
| 23 | 333 |
| 111 | 542 |
| 23 | 333 |
| 131 | 715 |
| 23 | 333 |
| 144 | 163 |

1. Injunction: DEFENDANT MAY PROTECT PROPERTY: DAMAGES. A writ of injunction which restrains the defendant, among other things, "from digging earth, clay, sand or gravel upon and from certain premises, or disturbing the surface thereof, and from using or manufacturing that already dug or being on said premises, into brick, or from baking any brick already manufactured and being thereon," does not prevent the defendant from using efforts to protect a lot of exposed moulded brick on the premises, not yet in kiln, from being destroyed by rain. Such efforts on his part would be no violation of the writ, and it would be his duty to thus prevent the damage.

2. —— BOND: DAMAGES: ATTORNEY'S FEES. In an action for damages upon an injunction bond, for the wrongful suing out of the writ, the plaintiff may recover a reasonable amount paid by him as a fee to an attorney for defending against the writ and procuring its dissolution. The case of *Newell* v. *Sandford* (13 Iowa, 463), distinguished from the present one.

3. —— INSANITY OF DEFENDANT NO DEFENSE. In an action for damages on an injunction bond, for the wrongful suing out of the writ, it is no defense, that the defendant was, at the time he signed the bond, insane, when it appears that he was in the habit of transacting his own business, and it does not appear, that his insanity was known to the plaintiff.

*Argu.* 1. TORTS. Persons of unsound mind are generally held civilly liable for trespasses and torts, as the actionable quality of such acts does not depend upon the intention.

Behrens v. McKenzie.

*Argu.* 2. CONTRACTS. While such persons are not usually held liable on contracts purely executory, the tendency of modern decisions, with respect to executed contracts, is to hold them liable in cases where the transaction is in the ordinary course of business, is fair and reasonable, and the mental condition was not known to the other party, and both cannot be put in *statu quo.*

## *Appeal from Dubuque District Court.*

### TUESDAY, DECEMBER 10.

MEASURE OF DAMAGES: ATTORNEY'S FEES: INSANITY AS A DEFENSE: ACTION ON INJUNCTION BONDS. — McKenzie commenced a suit against Behrens in equity, and obtained an order for a temporary injunction on the filing of a bond. A bond was made by the defendant as principal, and others as sureties, in the usual form. It was conditioned that "if the said McKenzie shall pay all costs and damages accruing, to the said Behrens, by reason of the wrongful issuing of said writ of injunction, then this obligation shall be void, otherwise in full force. This action is against McKenzie alone, the sureties not being sued. The writ of injunction which McKenzie obtained against Behrens restrained the latter —

"1. From felling or cutting any timber on a certain described tract of land.

"2. From using, removing, selling, burning, or in any manner disposing of the timber or wood cut from, stored, or being on, said premises.

"3. From digging earth, clay, sand or gravel upon and from said premises, or disturbing the surface thereof; and from using or manufacturing that already dug or being on said premises, into brick; from taking any brick already manufactured and being thereon.

"4. From selling, removing, using, or in any manner disposing of the brick, dried or baked, being on said premises; or from committing or doing any other or

further waste or spoil in or upon said premises or any part thereof."

The ground of this application for an injunction was, that McKenzie had a decree foreclosing a mortgage upon certain premises used by the said Behrens as a brick yard, but upon which decree McKenzie was not entitled to an execution until a future period.

The injunction was served on Behrens, June 9, 1865, and was dissolved on the 11th day of July, 1865. Without taking any evidence, McKenzie dismissed his injunction suit. The petition in this case, upon the bond, alleges, to show the plaintiff's damages, that he had forty thousand brick drying on the said premises when the writ was served, and that these were spoiled and ruined in consequence of the writ. He also claims that he was prevented from manufacturing one hundred thousand brick which he could otherwise have done at a profit. He also alleges that his two teams were kept out of employment. Also that by reason of said writ he was compelled to employ an attorney to defend said action, and to pay him the sum of $75 for his services.

Answer — First, in denial; second, that McKenzie, when he signed the bond, was of unsound mind, incompetent to attend to, or transact business, and did not know the nature, condition or object of the said bond.

Trial to jury. Verdict for plaintiff. Defendant appeals. The errors assigned, and the further facts appear in the opinion.

*Wilson & Doud* for the appellant.

1. The court below erred in overruling the defendant's objections to the testimony of Mathias Elmhoff and admitting the testimony of said witness to go to the jury on the part of the plaintiff—first, as to the destruction of said

moulded brick by rain; second, as to the value of said brick; third, as to said brick yard being idle; fourth, as to how many brick plaintiff could have made while the injunction was in force; fifth, as to the cost of making the brick yard, and, sixth, as to the number of men and teams employed by plaintiff and what it was worth a week to feed the teams. On the ground that the alleged damages were remote, speculative, and not the necessary or natural consequence of said injunction. *Adair* v. *Bogle*, 20 Iowa, 538; *Davis* v. *Fish*, 1 Greene, 406; *Walker* v. *Osgood*, 53 Maine, 422; *Ryan* v. *N. Y. Central Railroad Co.*, 35 N. Y. (8 Tiffany) 210; *Vedder* v. *Hildreth*, 2 Wis. 427; *Brayton* v. *Chase*, 3 Id. 456; *Shelden* v. *Cushman*, 20 Cal. 56; *Marble* v. *The City of Worcester*, 4 Gray, 410; Sedgwick on Dam. §§ 67, 75; 2 Greenl. Ev. § 255; *Barnard* v. *Poor*, 21 Pick. 378; *Darwin* v. *Potter*, 5 Denio, 306; 3 Parsons on Cont. 178.

2. The court below erred in sustaining plaintiff's objection and refusing to allow defendant " to prove that the said John McKenzie, at the time of signing said injunction bond sued on, was an insane person and *non compos mentis*, for a long time previous to the commencement of said injunction suit, and so continued to be till his death," or to offer any evidence in proof thereof, which evidence was material and competent. The action is *ex contractu* not *ex delicto*. *Corbit* v. *Smith*, 7 Iowa, 60; *Hart* v. *Deamer*, 6 Wend. 497; *Hovey* v. *Hobson*, 53 Maine, 451; *Mitchell* v. *Kingman*, 5 Pick. 431; *Leaner* v. *Phelps*, 1 Id. 304; *Bensell* v. *Chancellor*, 5 Wharton, 379; 5 Rowle, 111; *Leonard* v. *Leonard*, 14 Pick. 280; *Dewitt* v. *Leonard*, 11 Abbott's Pr. 252; *S. C.*, 19 How. Pr. 140; 2 Greenl. Ev. §§ 370, 371; 1 Parsons on Cont. 383; *Fitzhugh* v. *Wilcox*, 12 Barb. 235.

3. The court below erred in refusing to give the second and third instruction asked by defendant. and in altering

and giving them as altered, because if the alleged damage resulted from the negligence of plaintiff, or if the moulded brick could have been saved by plaintiff by reasonable care and diligence, he could not recover for such damage. *Adair* v. *Bogle*, 20 Iowa, 538; *Davis* v. *Fish*, 1 Greene, 406; *Parks* v. *Davis*, 16 Iowa, 20; *Wright* v. *I. M. T. Co.*, 20 Id. 213; *Doker* v. *Damen*, 17 Pick, 284; *Markle* v. *City of Winchester*, 4 Gray, 404; *McAurnick* v. *M. & M. R. R. Co.*, 20 Iowa, 338; *Holen* v. *B. & M. R. R. Co.*, Id. 562; *Haley* v. *Chicago & North-western R. R. Co.*, 21 Id. 15; 3 Parsons on Cont. 177, 178.

4. The court erred in giving the third instruction asked by plaintiff, as altered, and refusing the fourth instruction asked by defendant, and giving the alteration thereof, on the ground that counsel fees were not a proper subject of damages in said action on said injunction bond. Sedgwick on Damages, 97 to 106, and cases cited; *Davis* v. *Crow*, 7 Blackford, 131; *Day* v. *Woodworth*, 13 How. 369; *Barnard* v. *Poor*, 21 Pick, 378; *Willis* v. *Dilley*, 7 Md. 237; *Arcambel* v. *Wiseman*, 3 Dal. 306; *Newell* v. *Sandford*, 13 Iowa, 463; 1 Cal. 410.

5. The court erred in refusing to give the fifth and sixth instructions asked by defendant, and altering them and giving the same as altered, on the ground that the alleged damages claimed were remote and not the necessary or natural consequence of said injunction, and because said instructions assumed the "loss," was "by the injunction" and "by the act of defendant."

6. The verdict is not supported by the evidence. There were but 35,000 moulded brick worth three dollars per thousand.

*D. E. Lyon* for the appellee.

Behrens v. McKenzie.

1. There seem to be only two questions involved in this case, demanding the consideration of this court, and these are: First, can a civil action be maintained against a lunatic, on an injunction bond signed by him? Can his contracts be avoided, either by the alleged lunatic or those who represent him, after damage has accrued by reason of the injunction, without putting the damaged party in *statu quo?* Second, are attorneys' fees, incurred in the defense of the injunction, a proper subject of damage in an action on the bond?

The court did not err in sustaining the objection of plaintiff to the evidence offered to prove that said McKenzie was an insane person, and *non compos* at the time of signing the bond. *Krom* v. *Schoonmaker*, 3 Barb. 647; *Fitzhugh* v. *Wilcox*, 12 Id. 237; *Person* v. *Warren*, 14 Id. 496; *Baxter* v. *Earl of Portsmouth*, 5 Barn. & Cress. 170 (11 E. C. L. 415); affirmed, 2 C. & P. 178 (12 E. C. L. 514); *Beal* v. *Lee*, 10 Barr (Pa.), 56; *La Rue* v. *Gilkyson*, 4 Id. 374; *Molton* v. *Cameroux*, 2 Exchequer, 487; 4 Id. 17; *Beavan* v. *McDonnell*, 9 Id. 309; *In the matter of Heller, an idiot*, 3 Paige Ch. 199, holding the same doctrine; Story Eq. Jur. §§ 228, 234, 238; *Morse* v. *Crawford*, 17 Vt. 499, and authorities; *vide* 7 Iowa, 64.

Suppose the alleged lunatic should burn a barn, kill a valuable animal, mine a mill-dam, or bring an injunction suit and fail, is there any doubt about his being compelled to make good the damages, on the plainest principles of justice? It seems not.

The rule is, a lunatic cannot be punished for crime. He is not a free agent, capable of intelligent, voluntary action, and hence is incapable of a *guilty intent*, which is the essence of crime; but a civil action to recover damages for an injury may be maintained against him, *because the intent* with which the civil act is done, is

not material. 3 Barb. 647; *Morse* v. *Crawford*, 17 Vermont, 499.

2. In an action on an injunction bond, attorney's fees incurred in the defense of an injunction suit, not consequential on other injuries, but direct and immediate, may be recovered in an action on the bond. *Corcoran* v. *Judson*, 24 N. Y. 107; *Edwards* v. *Bodine*, 11 Paige, 224; *Coates* v. *Coates*, 1 Duer, 664; Sedgwick on Dam. (3d ed.) 320, note; *Thaie* v. *Quan*, 3 Cal. 216; *Prader* v. *Grim*, 13 Id. 585; *Garrett* v. *Logan*, 19 Ala. 344; *Haitt* v. *Holcomb*, 32 N. H. 186; *Westervelt* v. *Smith*, 2 Duer, 449; and in *Cambell* v. *Chamberlain*, 10 Iowa, 337, the doctrine is fully and broadly announced. The case in 24 N. Y. is full and to the point, and there is no room to doubt that attorney's fees are clearly covered in the condition of the bond, because an injunction has been obtained which the party was not entitled to, and in getting the same dissolved, the services of an attorney have been had. The attorney must be paid, and the necessity of employing and paying is an actual damage sustained by reason of the wrongful injunction.

3. The plaintiff in the injunction action, at the time at which it was brought, dismissed the same without any answer, and without taking any evidence.

Such dismissal is conclusive that the injunction was wrongfully issued, and that plaintiff was not entitled to the same. *Loomis* v. *Brown*, 16 Barb. 325. Defendant then became liable for the consequences flowing from the injunction.

4. All the evidence before the jury tending to show how many brick could have been made and sold, and how much they were worth per thousand, so far as the evidence would tend to show profits, the court takes from the consideration of the jury, in the fifth instruction asked by defendant. Therefore the defendant cannot complain,

and the plaintiff will not, although we believe the evidence competent. Defendant, however, complains of the alteration.

The injunction was iron-clad; restrained the plaintiff from, in any manner, interfering with the brick, sun drying yard, and all else. The loss of the use of his yard and fixtures, worth $1,000, must be proper damages under 10 Iowa, 337; *Lacour* v. *The Mayor, etc.*, 3 Duer, 419; *Masterton* v. *The Magor, etc.*, 7 Hill, 61; *Griffin* v. *Colver*, 16 N. Y. 499; Sedgwick (3d ed.) 63, 65, 81, 83, 90, 116; *Driggs* v. *Wright*, 17 Wend. 71.

DILLON, J. — I. On the trial, plaintiff produced a witness who testified that he (plaintiff) had on the yard, about thirty-five thousand brick, moulded, sun-drying and ready to be put into the kiln at the time the injunction was served, and that these . brick were all destroyed by a rain that occured a few days after the service of the writ. He also testified that if plaintiff had been allowed by the writ, he could have saved a good deal of the damages; " that plaintiff could have saved all the brick that were destroyed if he had had a right to take care of them while the injunction was in force." There was no contradictory testimony on this point.

*1. INJUNCTION: defendant may protect property: damages.*

Defendant asked the court to instruct the jury as follows:

" 2. If the alleged damages resulted from the negligence of the said John Beherns, he cannot recover in this action; and if the jury believe from the evidence that any damage to said brick could have been prevented by plaintiff, by reasonable care, he cannot recover for such damage in this action." Altered by adding, " provided, however, that the plaintiff is not liable for any want of care on his part, when such property is removed from his custody by the

process of the law; and while such property remains in the custody of the law, any act of his, intermeddling with it, would be a breach of the command of the writ, and be a contempt; the responsibility for proper care thereof resting on the party serving the process of the law, until it is returned to the party from whose possession it is taken by the command, forbidding him from using or intermeddling with it in any way."

" 3. No claim is made as to the burnt brick, and if the sun-dried or unburnt brick could have been saved from damage by the said John Beherns by reasonable care and diligence, and if the jury so believe from the evidence, he cannot recover in this action for the alleged damages to such brick." Altered thus : " provided, however, Beherns is in no wise responsible for any want of care of the unburnt brick, after the service of the injunction on him, until the property was returned to him on the order dissolving the injunction."

What the writ restrained plaintiff herein from doing, will be seen by reference to the statement of the cause prefixed to this opinion. We hold that the writ of injunction did not prevent the plaintiff from taking steps or using efforts to protect the brick from the rain. Such steps or efforts would not, as supposed by the court below, be any violation of the command of the writ.

The instructions as asked should have been given. *Davis* v. *Fish*, 1 G. Greene, 406, 409 ; 2 Greenl. Ev. § 260, and cases cited.

The alterations made by the court were erroneous.

II. The defendant asked the court to charge : " That the claim for seventy-five dollars as counsel fees, paid by plaintiff for services in said injunction suit, are not a proper subject of damages in this action, and the same is not to be allowed by the jury." Altered by the court thus : " provided, however, that a

2. —— bond: damages: attorney's fee.

reasonable amount of compensation paid for legal services, in procuring the removal of the writ of injunction, is a proper item of damages."

The court also charged that "reasonable compensation paid for legal services in procuring a release of the injunction," might be recovered in an action on the injunction bond. The defendant excepted, and assigned the court's ruling in this respect as error.

We are aware that the authorities on this subject are conflicting. We have re-examined them to ascertain the reasons advanced to sustain either line of decision. The court instructed that reasonable compensation to an attorney to procure a dissolution of the writ, or a release of the property therefrom, may be recovered in an action on the bond, if the injunction was wrongfully issued.

This does not allow attorney fee for services in defending the entire suit, but for defending against the writ, *i. e.*, for procuring its dissolution or a release of the property from its operation. In our judgment, the better reason is in favor of this rule. This was so stated *arguendo*, by BALDWIN, J., in *Campbell* v. *Chamberlain* (10 Iowa, 337), which was an action on an attachment bond. The tendency of modern adjudication, if not, indeed, the very decided weight of judicial opinion, is the same way. *Corcoran* v. *Judson*, 24 N. Y. 107; *Edwards* v. *Bodine*, 11 Paige, 224; *Thraie* v. *Quan*, 3 Cal. 216; *Prader* v. *Grim*, 13 Id. 585; *Garrett* v. *Logan*, 19 Ala. 344; *Morris* v. *Price*, 2 Blackf. 457.

The case of *Newell* v. *Sanford* (13 Iowa, 463) is distinguishable from the present case, in that the claim for an attorney's fee was not upon a bond.

III. The bill of exceptions states, that, on the trial, the defendant called Dr. Horr, Dr. Sprague, Dr. Finley, and

3. —— insanity of defendant no defense. other witnesses, and offered to prove, that the said John McKenzie at the time of signing

said injunction bond sued on, was an insane person, and had been insane and *non compos mentis* for a long time previous to the commencement of said injunction suit. This proof the court refused to allow to be made.

Defendant excepted, and now assigns this ruling of the court as error.

The decided cases are far from being uniform on the subject of the liability or extent of liability of persons of unsound mind for acts and contracts done and made while in this condition.

Such persons are generally held liable civilly for tres- *Argu.* 1. Torts. passes and torts, as the actionable quality of such acts does not depend upon intention. *Morse* v. *Crawford*, 17 Verm. 499.

They are not usually held liable on contracts purely *Argu.* 2. Con- executory, not for necessaries, particularly tracts. where the mental unsoundness is known to the other party, or might have been by the exercise of ordinary observation.

But, with respect to executed contracts, the tendency of modern decision is to hold them liable in cases where the transaction is in the ordinary course of business, is fair and reasonable, and the mental condition was not known to the other party, and the parties cannot be put *in statu quo. Molton* v. *Cameroux*, 2 Exch. Welsby, H. & G. 487; affirmed in error, 4 Id. 17. The special verdict in that case being, in substance, like the answer in the case at bar. *Beavan* v. *McDownell*, 9 Exch. 309; *Pason* v. *Warren*, 14 Barb. 488, 496; Story's Equity, §§ 228–238; *Long* v. *Long*, 9 Md. 348. This case is peculiar. The injunction bond was filed under the statute, without consulting the present plaintiff.

The bond was not the result or evidence of a negotiation or contract between the parties. As between an executory and executed contract, the present transaction

resembles the latter; McKenzie received and enjoyed the benefit of the writ of injunction, which was the consideration for the bond which he executed.

The answer did not state, nor did the proposed evidence offer to show, that the present plaintiff, or the clerk, knew of McKenzie's incompetency. His petition for the injunction was filed by respectable attorneys.

It is not to be presumed that they were aware of their client's alleged mental condition. It would seem from these considerations, as well as from other facts of the record, that McKenzie was allowed to and was in the habit of transacting his own business.

The state of the law is such as to allow us to decide this case upon principle, and thus deciding it, we are of opinion, that upon the circumstances above indicated, no error is shown in the action of the court in rejecting the proposed evidence.

We need not notice the other points made. If the court allowed too wide a range in admitting testimony as to damages, the error in this respect was probably cured by the guarded instructions to the jury.

For the error first noticed, the judgment below is reversed, and the cause remanded.

                                      Reversed.