ALEXANDER, BY HIS GUARDIAN, v. HASKINS ET AL.

1. **Insane Persons:** CONTRACTS OF: WHEN SUSTAINED AND WHEN NOT. The rule is established in this state that an insane person is bound by his contract when it appears to have been made in the ordinary course of business, and it is fair and reasonable, and the mental condition was not known to the other party, and the parties cannot be put in *statu quo.* (See cases cited in opinion.) But in this case, where a conveyance of land is sought to be set aside, and the defendants had knowledge of plaintiff's mental condition, and it is not shown that an adequate consideration was paid or agreed upon, and defendants have enjoyed the rents and profits long enough to compensate them for all that they appear to have paid, *held* that the conveyance was properly set aside.

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 17.

ACTION to set aside a conveyance of real estate made by the plaintiff, on the ground that he was insane. The relief asked was denied, and the plaintiff appeals.

*J. H. Smith* and *A. W. Clyde,* for appellant.

*H. H. Roadifer* and *S. H. Cochran,* for appellees.

SEEVERS, J.—The general rule is that an insane person is not bound by contracts, (*Van Patton v. Beals*, 46 Iowa, 62,) and it has been held that it is immaterial whether the defendant had knowledge of such insanity when the contract was entered into. *Seaver v. Phelps*, 11 Pick., 304. While the foregoing may be regarded as the general rule where an application is made to set aside the contract by some one acting for the insane person, there are exceptions thereto when the contract has been executed; and in this state the rule is that an insane person is bound by such contract, "where it is made in the ordinary course of business, is fair and reasonable, and the mental condition was not known to the other party, and the parties cannot be put *in statu quo.*" *Behrens v. Mc-Kenzie*, 23 Iowa, 333; *Ashcraft v. De Armond*, 44 Id., 234; *Abbott v. Creal*, 56 Id., 175.

We have carefully examined the evidence, and unite in the conclusion that the plaintiff was insane at the time the contract and conveyance in question were made. But counsel for the appellees insist that the conveyance cannot be set aside, because it was made in the usual course of business, and is in all respects fair and reasonable, and therefore the case is brought within the rule established in the foregoing cases. From a careful consideration of the evidence, we reach the conclusion that in this counsel are mistaken. It is averred in the petition that the defendants had knowledge of

the mental condition of the plaintiff at the time the contract and conveyance were made, and we are satisfied that this has been established by the evidence. We deem it unnecessary, and such is not our custom, to set out the evidence and state our reasons at length.

There is, therefore, a material distinction between the cases above cited and this. Our attention has not been called to any case which holds that a contract made with an insane person, with knowledge of the insanity, has been sustained, and we think none such can be found. Besides this, we are not satisfied that the contract and conveyance in question are fair and reasonable. The evidence shows that the land was worth, at the time the conveyance was made, from $600 to $800. We will assume that it was worth at least $600. The defendant payed the plaintiff possibly $95, and there is evidence tending to show that the defendant claimed that the plaintiff was indebted to him on an account, including the $95 above stated, in the amount of about $200, but the correctness of this account has not been established. It therefore must be disregarded. There was a mortgage on the land executed by the plaintiff for $300, and it will be conceded that, as between these parties, the defendant agreed to pay it; but the plaintiff was not released from personal liability thereon. There is no evidence tending to show that this mortgage has been paid. If it be conceded that the indebtedness due by the plaintiff to the defendant was regarded as satisfied by the conveyance, and that its correctness has been established by the evidence, it only amounts to $214.90, or about one-third of the value of the real estate. The defendants have had possession of the land, and have received the rents and profits thereof, for four years; and the evidence shows that the rental value thereof has been at least $60 per year, or say $250 for the whole period. It therefore clearly appears that the defendants have received, in rents and profits, more than they payed the plaintiff for the lands. We are of the opinion that the court erred in refusing to set

aside the conveyance, and there will be a decree entered in this court, if counsel so desire.

REVERSED.