CHARLES H. JOHNSON, Appellant, v. THE FARMERS' INSUR-ANCE Co., of Cedar Rapids, Iowa, Appellee, and CHARLES H. JOHNSON, Appellant, v. THE MERCHANTS' AND BANKERS' FIRE INSURANCE Co., of Des Moines, Iowa, Appellee.

**Pleadings:** AMENDMENT. It is not an abuse of discretion to permit the filing of an amendment after the evidence is in, to conform the pleadings to the proof.

**Insurance:** CONDITIONS: VIOLATION. Under Code, section 1743, the failure of an insured to keep a set of books, or the violation of an iron safe clause, will not defeat recovery where there is neither pleading nor proof that such neglect contributed to the loss.

**Title:** BREACH OF WARRANTY. On an issue of fraudulent representation as to title in- procuring insurance, proof of a contract of ·purchase of the insured property, wherein the assured agreed that the title should remain in the seller until the property was fully paid for, did not of itself negative an absolute sale or show a breach of the warranty of sole ownership.

**Concurrent insurance.** The procurement of concurrent or additional insurance without the knowledge or consent of the company then carrying a risk on the same property, which is in violation of the terms of its policy, will avoid its liability for a loss.

**Same.** Knowledge of agent accepting an application that the property is covered by other insurance, is binding on the company, and precludes a defense to an action on the policy based on that ground.

**Reformation of instruments.** To reform an instrument the proof must be clear, convincing, and satisfactory.

**Trial de novo.** Although a case is triable *de novo* on appeal, in view of the opportunity of the trial judge to observe the demeanor of the witnesses, his findings will be disturbed with reluctance.

*Appeal from Davis District Court.*— HON. M. A. ROBERTS, Judge.

SATURDAY, FEBRUARY 11, 1905.

ACTIONS in equity to reform certain policies of fire insurance, and for judgments for the amount of said policies. Decrees for the defendants, and plaintiff appeals.— *Affirmed.*

*Taylor & Scarborough,* for appellant.

*Payne & Sowers,* and *Deacon & Good,* for appellee Farmers' Ins. Co.

*Payne & Sowers* and *C. E. Campbell,* for appellee Merchants' & Bankers' Ins. Co.

DEEMER, J.— Originally these were independent law actions brought upon separate policies of fire insurance to recover the amount of plaintiff's loss by fire on a blacksmith shop and its contents located in the town of Floris, Davis county, Iowa. The Farmers' Company denied that plaintiff was the owner of the personal property in the building, and pleaded false swearing on the part of the insured in his proofs of loss regarding his ownership of the property. The policy in the Farmers' Company was on plaintiff's blacksmith shop, tools, wood and iron material, farm implements, and buggies. After that company had answered, plaintiff filed an amendment to his petition, asking reformation of the policy by striking out therefrom the word "buggies"; claiming that this was inserted both in the application

for insurance and in the policy by mutual mistake and over-
sight. The Farmers' Company answered this by a general
denial, and also pleaded breach of a condition in the policy
against concurrent insurance upon the whole or any part of
the property insured. It also pleaded fraud and false swear-
ing on the part of plaintiff in his proofs of loss as to the
ownership and condition of the title to the property insured,
and misstatements in the application as to the condition of
the title.

To the original petition filed in the action brought
against the Merchants' & Bankers' Company, that company
filed a demurrer, which does not seem to have been ruled
upon. The policy in that case was for $200 upon buggies,
mowing machines, binders, and farm implements, and such
other goods, not more hazardous, usually kept for sale in an
implement stock. While the demurrer in that case was
pending, plaintiff filed an amendment to his petition, asking
for a reformation of that policy by striking out the words
" farm implements " and " such other goods not more hazard-
ous usually kept in an implement stock "; claiming that these
were inserted by mutual mistake both in the application for
insurance and in the policy issued thereon. A demurrer to
this amendment was overruled, and thereupon the Mer-
chants' & Bankers' Company answered, pleading breach of
a condition of the policy as to concurrent insurance, mis-
statements in the application regarding the title and in-
cumbrances upon the property insured, and false swearing
and fraud on the part of plaintiff in his proofs of loss. It
also pleaded breach of conditions requiring plaintiff to keep
a set of books, and of an iron-safe clause. It also denied
any mistake in either the application or the policy. A reply
was filed by plaintiff in each case, in which he alleged that
none of the matters pleaded by the defendants in any man-
ner contributed to the loss. The cases were by agreement
tried together, and upon the same testimony, so far as ap-
plicable.

After the taking of the testimony, and while the case was under consideration by the trial judge, plaintiff filed an amendment to his petition, in each case pleading an

**1. PLEADINGS: amendment.** estoppel on each company from relying upon their defenses of breach of condition and covenants of the policies, due to the knowledge of the agents of each company who solicited the insurance of the exact condition of affairs. Motions to strike these amendments were interposed by both companies, but the trial court in its final decree overruled the same. As they were evidently made to conform to the proofs in the case, there was no abuse of discretion in these rulings. ·

II. As to the breach of the agreement to keep a set of books, and of the iron-safe clause, section 1743 of the

**2. INSURANCE: conditions; violation.** Code eliminated these matters, for there is neither pleading nor proof that they in any manner contributed to the loss.

III. The issue of false swearing in the proofs of loss we may also pass, for the reason that the testimony is not such as would defeat plaintiff's recovery if this were the only matter relied upon as a defense.

IV. Recognizing the force of the conditions in the policies as to concurrent or additional insurance, plaintiff seeks to strike out certain words from each policy, so as to

**3. TITLE: breach of warranty; evidence.** make it appear that they did not cover the same property, either in whole or in part. The case turns, therefore, largely upon the equitable issues of reformation. Defendants also claim that, even if reformed as prayed, they both cover some of the same property lost in the destruction of the blacksmith shop and its contents by fire. Conceding *arguendo* that this is so, plaintiff responds by saying that the agent of the Merchants' & Bankers' Company, which company issued the second policy in point of time, had knowledge of the insurance policy issued by the Farmers' Company, and that the Merchants' & Bankers' Company is estopped from relying upon the con-

dition as to additional insurance.  Both companies claim that plaintiff was not the sole owner of the property insured; that title to part of it was in another, and that, in any event, another held a lien or incumbrance upon the property insured, or a part of it; and that plaintiff represented, stated, and warranted in his applications that he was the sole owner of the property, and that there were no liens or incumbrances thereon.  Bearing upon this issue, defendants introduced in evidence a contract under which plaintiff purchased a part of the goods destroyed by fire, wherein he agreed that the title to the property purchased, and the ownership thereof, as well as the proceeds thereof, should remain in the vendor until the goods were fully paid for.  This, of course, does not of itself negative an absolute sale to the plaintiff of the goods purchased by him under the agreement.  None of the contracts are set out in full in the abstract; hence we cannot say that plaintiff did not, for the purposes of the case, become the absolute owner of the goods.  Indeed, this point is not relied upon by the defendants with any great confidence.  But it is claimed that the vendor of a part of the goods had a lien or incumbrance thereon in virtue of this contract, and that this avoided the policies, which each, in effect, provide that they shall be void if the property be incumbered by lien, or liable to any lienholder.  In view of our conclusions on other branches of the case, this point need not be decided at this time.

Going now to the equitable issues of reformation of the applications and the policies, we think that, as to the Farmers' Company, its defense is good, even if the policies were reformed as prayed.  Plaintiff admits 4. CONCURRENT INSURANCE. that this policy covered farm implements, and that in this respect no mistake was made.  But he says that he did not then have any buggies, and that there was no intention to insure them.  Let this be conceded: it still appears that the second policy covered mowing machines and binders, which are undoubtedly farm implements.

So that as to this company there was concurrent or additional insurance without its knowledge or consent. This of itself disposes of the claim against the Farmers' Company, even if there were nothing more in the case. The mere fact that plaintiff did not have mowing machines and binders in stock when he took out his policy in that company is wholly immaterial. He could have recovered for their loss on the Farmers' Company policy, had the issue been as to that company alone. They were added to the stock after the policy was issued, it is true, but they came within the designation of the property insured, and were immediately protected by that policy. There are no facts justifying a finding of an estoppel as to this company. So that it has at least a double defense.

As to the Merchants' & Bankers' Company, we are constrained to hold that, while this double insurance would ordinarily be a defense as to it, it cannot be availed of here,

5. SAME.

for the reason that one of its agents knew before the application for the insurance was written that there was other insurance upon farm implements. This was binding on this company, for it related to a present condition, and not to a prospective one.

On the main issue of reformation we are satisfied with the conclusions of the district court. The quantum of proof required in such cases is well understood. It must be clear,

6. REFORMATION OF INSTRU-MENTS.

convincing and satisfactory. If there be a substantial doubt as to the agreement, plaintiff must fail. *Marshall v. Westrope,* 98 Iowa, 324; *Hunt v. Gray,* 76 Iowa, 268. We have gone to the transcript, and carefully read the testimony of each and all of the witnesses, and do not find that clear and satisfactory showing required. Every writing in the case — and there are many of them — negatives plaintiff's claim. His sworn proofs of loss belie his present contention. His original petitions filed in this action are against him. He is contra-

dicted by several apparently credible witnesses on many important matters.

Moreover, most of the testimony was from witnesses who appeared before the trial judge in person, and were examined orally by counsel for the respective parties. The trial judge, who was, so far as shown, in no manner prejudiced against the plaintiff or his claim, after seeing and hearing these witnesses, found against the plaintiff; and, while the case is *triable de novo* in this court, we cannot and should not overlook the fact that much is to be gained from hearing and seeing the witnesses introduced by the respective parties. In such cases it is with reluctance that we disturb the findings of a trial judge. *Wilkie v. Sassen*, 123 Iowa, 421. There is no such showing here as would justify us in reversing the trial judge in his finding of facts. He held there was no mistake in either policy, and with that we are content.

7. TRIAL DE NOVO.

The decrees are therefore *affirmed*.