G. N. SWARTWOOD, GUARDIAN OF ROY A. SWARTWOOD, Appellant, *v.* DORRINGTON CHANCE.

**Contracts:** RECISSION: INSANITY. Where the other party can be
1 placed in *statu quo,* an executed contract may be set aside on
the ground of insanity even though free from fraud, provided
the insanity is such as to render the party incapable of understanding the nature and terms of the contract.

**Appeal:** FINDINGS OF TRIAL COURT. Although a cause is triable *de*
2 *novo* on appeal the Supreme Court will give some weight to
the findings of the trial court on questions of fact.

*Appeal from Ringgold District Court.*— HON. H. M. TOWNER, Judge.

TUESDAY, OCTOBER 23, 1906.

SUIT in equity to set aside and cancel a deed on account of the mental incapacity of the grantor, the plaintiff's ward. There was a judgment dismissing the plaintiff's action, and quieting the title in the defendant. The plaintiff appeals.— *Affirmed.*

*William M. Jackson,* for appellant.

*Spence & Smith,* for appellee.

SHERWIN, J.— Prior to January 4, 1905, Roy A. Swartwood, the plaintiff's ward, was the owner of eighty acres of land, which was then of the value of from $3,200 to $3,600. The eighty was incumbered by a mortgage of

$2,000 on which there was $100 interest due. About said date Swartwood traded his equity in the land to the defendant on a valuation of $4,000 for the land, or $1,900 for his equity therein, taking in exchange therefor a Norman stallion at the agreed price of $1,800 and the balance in other personal property. After the trade had been completed by the transfer of the land and personal property, the plaintiff was appointed guardian of Roy A. Swartwood and thereafter brought this action to set aside the deed and rescind the contract, alleging in his petition that his ward was insane at the time of the trade and offering to place the defendant in *statu quo.*

The important and controlling question is purely of fact, for if Roy. A. Swartwood was mentally incapable of making a valid trade, the conveyance to the defendant should be set aside under the rule of our decisions in similar cases. It is the rule of this court that an executed contract may be avoided upon the ground that the party was incapable of contracting, when the other party's property may be restored to him and he be placed in *statu quo. Corbit v. Smith,* 7 Iowa, 60; *Behrens v. McKinzie,* 23 Iowa, 333; *Ashcraft v. De Armond,* 44 Iowa, 234; *Alexander by his Guardian·v. Haskins et al.,* 68 Iowa, 73; *Warfield v. Warfield,* 76 Iowa, 633. And this rule seems to obtain whether the other party knew of the disability or not, and regardless of the fairness of the transaction or the fullness of the consideration. See cases cited above. To avoid a contract or deed, however, on the ground of insanity, it must be satisfactorily shown that the party was incapable of transacting the particular business in question. It is not enough to show that he was the subject of delusions not affecting the subject-matter of the transaction, nor that he was, in other respects, mentally weak. A party cannot avoid a contract, free from fraud or undue influence, on the ground of mental incapacity unless it be shown that

1. CONTRACTS: rescission: insanity.

his insanity was of such character that he had no reasonable perception or understanding of the nature and terms of the contract. *Campbell v. Campbell,* 51 Iowa, 713; *Burgess v. Pollock,* 53 Iowa, 273; *Elwood v. O'Brien,* 105 Iowa, 239.

We have read the record in this case with care and are convinced that it wholly fails to show the mental incapacity necessary to avoid the deed. In addition to our own judgment we have the judgment of the trial court 2. APPEAL: find- who saw and heard the witnesses presented by ings of trial court. both parties, and who was thereby better able to weigh the testimony than we are from a consideration of their printed words alone. While the case is triable *de novo* here, we cannot overlook the fact that a judge gains much by seeing and hearing the witnesses used by the respective parties. See *Johnson v. Insurance Co.,* 126 Iowa, 565.

The judgment of the trial court is right, and it is *affirmed.*