No. 28,799.

In re Petition of GEORGE PORTER for a Writ of Habeas Corpus.

(281 Pac. 924.)

Opinion filed November 9, 1929.

S. A. Gard, W. H. Anderson and G. M. Lamer, all of Iola, for the petitioner.
G. E. Pees and Kenneth H. Foust, both of Iola, for the respondent.

The opinion of the court was delivered by

HOPKINS, J.: This is an original proceeding in habeas corpus. The petitioner is held by virtue of a writ of attachment issued by the district court of Allen county for an alleged contempt of that court.

The facts are substantially as follows: The petitioner, George Porter, on August 1, 1925, brought an injunction action in the Allen county district court against J. H. Porter and Foster Porter, to restrain them from destroying a hedge fence alleged to be upon petitioner's land, and from removing and carrying away the wood of the fence. The court found for the plaintiff and decreed that the "defendants be . . . enjoined from destroying, injuring or impairing the said hedge fence as a fence, and from in any manner interfering with the same as a fence other than to do the necessary and proper trimming and repairing of the same to maintain and preserve it as a division-line fence."

Thereafter on August 27, 1925, J. H. Porter, one of the defendants against whom the above decree ran, filed a petition in the district court of Allen county against George Porter, the petitioner (and former plaintiff), to enjoin him from cutting the hedge in question. The court granted a temporary injunction against George Porter on March 2, 1926, effective, however, only upon the plaintiff (J. H. Porter) giving an injunction bond in the sum of $300. The plaintiff failed to give the bond, and the injunction, therefore, never became effective. J. H. Porter filed a second application for a re-

straining order and temporary injunction on October 2, 1928, and on the same date the district court of Allen county issued a restraining order against the petitioner and fixed a time for hearing. The case came on for hearing on October 13, but the court declined to hear evidence on the ground that the questions of fact had already been adjudicated in the first action. It determined that "the defendant is enjoined as well as the plaintiff in the first action from in any way interfering with the division line fence."

Thereafter on December 6, 1928, J. H. Porter filed an affidavit charging the petitioner (George Porter) with cutting and destroying the hedge fence in question, and further alleging that the petitioner was guilty of indirect contempt of court for so doing. Upon consideration of the affidavit the court directed issuance of a writ of attachment for the petitioner, following which the petitioner filed his application in this court.

The petitioner contends that at the time of the issuance of the attachment no restraining order or injunction was in effect against him; that the district court had no jurisdiction to cause his arrest and detention for alleged contempt.

We are of the opinion that the petitioner's contention must be sustained. The district court appears to have misapprehended the effect of the original decree entered in the case in which the petitioner was plaintiff. The judgment in that case found the facts relative to the partition fence, but in no wise enjoined the plaintiff (petitioner) from trimming or otherwise interfering with the fence. In the later action of J. H. Porter against the petitioner the injunction never became effective because of the failure of J. H. Porter to give the bond. When the second application of J. H. Porter for a restraining order came on to be heard the court found—

"In the case being tried and considered, No. 15,205, the conditions are reversed, and as the court views the law relative thereto, the defendant is enjoined, as well as the plaintiff in this action, from any way interfering with that division-line fence, and that no further orders are needed for that purpose. The defendant (petitioner) in this action, No. 15,206, as plaintiff in action No. 14,314, cannot be heard to controvert or question the decision in that (first) case, and the rule of estoppel applies to the defendant in this action as well as to the plaintiff, and it is useless to continue the litigation between the parties upon a matter that has heretofore been adjudicated. . . .

"Therefore, pursuant to this memorandum, the court holds that further proceedings in action No. 15,206 are unnecessary. Owing to the fact that the defendant (petitioner) in this action violated the findings and orders made by the court in action No. 14,314 (first case), which bound the defendant in that

action, . . . thereby making the finding applicable to both alike, the court orders that the costs in this action, No. 15,206, be divided one-half to the plaintiff and one-half to the defendant, except that each party shall be liable for his own witnesses."

From all of the foregoing it is perfectly apparent that the trial court was proceeding on the misapprehension that the injunction against the defendant J. H. Porter in the first case was also an injunction against the plaintiff (petitioner), and with such a misapprehension as a basis, ordered the arrest of the petitioner for contempt.

It is contended by the respondent that the petitioner's remedy is by trial in the district court and then by appeal. Various authorities are cited in support of this contention. The difficulty with respondent's position is that, so far as the district court is concerned, it has nothing further to consider. It has erroneously determined that the petitioner was enjoined from trimming or otherwise interfering with the hedge fence in question in the original (first) action in which he was plaintiff, and that having violated such injunction he is subject to attachment for contempt. The finding of the trial court was that "further proceedings in this (last) action are unnecessary."

The petitioner's connection with the original case (which was No. 14,314) was that of plaintiff. No specific terms in the order of the court restrained or enjoined the petitioner from doing the acts enjoined. The petitioner was not liable for contempt unless he was specifically restrained and enjoined from doing the things which the court's order enjoined. In 32 C. J. 491 it is said:

"Unless the injunction in terms restrains the person who obtains its allowance, he is not liable in contempt for doing the acts enjoined, the effect of the injunction generally being to restrain defendant and subject him to punishment in case of a violation thereof."

(See, also, *Vanzandt v. Argentine Min. Co.*, 48 Fed. 770; *Mowrer v. The State*, 107 Ind. 539, 8 N. E. 561.)

The writ is allowed.